## No. 8702.

BENNETT B. HOTCHKISS VS. GRETNA GINNERY AND COMPRESS COMPANY.

In a contract of employment for one year at a stipulated annual compensation, an express proviso reserving to the employer the right to discharge at any time, if dissatisfied with the manner in which the employee performs his duties, is a valid and legal agreement which the courts must enforce.

The employer has no right to discharge, prior to the end of the term, for any other cause than because he is *dissatisfied*; and if it appears that the discharge was for other cause, as for instance, because his services were no longer needed in the business, or because the employer wished to reduce the number of his employees, or the like, and that the alleged dissatisfaction was a mere pretext, we should hold the employer responsible.

But, in this case, the evidence satisfies us that the *dissatisfaction* was the true cause of the discharge and this exempts the employer from responsibility.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*J. H. Ferguson* for Plaintiff and Appellant.

*Hunt & LaVillebeuvre* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. Plaintiff was employed by defendant as an agent for purchasing cotton and cotton seed, for the term of one year, at a stipulated compensation of $1500 for the year, and necessary traveling expenses, by a written contract containing this provision: "The company reserve the right to dispense with said Hotchkiss' services at any time, if the business for which he is employed is not done satisfactory to the company."

Having been discharged prior to the expiration of the year, as he alleges, without cause, he sues for the salary of the entire term.

The company defends on the grounds that they discharged him because they were not satisfied with his conduct of the business, and that they had good cause for dissatisfaction, which are set forth in their answer.

Plaintiff's counsel, in his argument, treats the case precisely as if it were to be governed by article 2749 of the Civil Code, which provides: "If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of the services arrived."

But lawful contracts are the law which the parties make for themselves: and it is evident that the parties here have made for themselves

a different law from that above provided and have reserved to the employer the positive right to discharge the employee at any time when he shall not be satisfied with the manner in which the employee conducts the business. The legality of such a contract cannot be questioned. The only point is as to its meaning, and that seems to be expressed in clear language. Satisfaction is a mental condition existing in the mind of the person to be satisfied.

If the company discharged plaintiff because his execution of the business was not "satisfactory to the company," it has merely exercised a right expressly granted by the contract, and plaintiff has no cause of action.

Such contracts have been upheld and enforced by this Court. Bietry vs. New Orleans, 24 A. 23; Hunter vs. Ins. Co. 26 A. 14.

It has, however, been held, and we think properly, that the right to discharge, if not *satisfied*, does not authorize discharge for any other reason. 2 Parson's Cont. p. 41; Monell vs. Burns, 4 Denis, 121; Lantry vs. Parks, 8 Cowen, 63.

Defendant would not have had the right to discharge plaintiff, for instance, because his business no longer required his services, or because it was to its interest to reduce the number of its employees, or for like reason foreign to the manner in which he performed his duties.

If the evidence established that the motive of their action had been of those above indicated or the like, and that the allegation of dissatisfaction was only a pretext, we should not hesitate to reject the defense.

For the purpose of establishing the reality of the motive, it was perfectly proper for the defendant to plead and prove the causes of their dissatisfaction. We should examine this evidence, however, not with a view to determine whether it discloses sufficiently "serious ground of complaint" to justify the discharge under the terms of article 2749, C. C., but whether, in fact and in good faith, defendant discharged plaintiff because his conduct of the business was not "satisfactory to the company."

We have examined this evidence with great care and it establishes conclusively that defendant was very much dissatisfied with plaintiff's conduct of the business.

Whatever be the force of the excuses and explanations furnished by plaintiff, the stubborn facts remain, that he greatly disappointed the expectations of defendant; that his expenses, however necessary and proper, were much larger than defendant desired or expected; that, during the whole term of his employment, at heavy cost, no cotton or

cotton seed were actually secured by him for defendant except an insignificant quantity; that defendant sent boats and barges on long trips, at an expense of one hundred dollars a day, to get cotton which plaintiff had reported he had engaged, and by whomsoever's fault failed to get it; that defendant's superintendent in the country had communicated to the company his dissatisfaction with plaintiff's conduct of the business, and had given the latter a peremptory order to leave his horse and trappings and report forthwith to New Orleans to the company, which he had advised to discharge the plaintiff on the ground of his inefficient and unsatisfactory performance of his duties. He was then discharged. All the agents of defendant testify that he was discharged because they were dissatisfied, and negative every suggestion that there was any other cause. Defendant acted within the terms of its contract.

In the language of the Supreme Court of Massachusetts in an analogous case : "it may be that plaintiff was injudicious or indiscreet," in making his term of service "dependent upon a contingency so hazardous or doubtful as the satisfaction of a party." But of that he was the sole judge. Against the consequences resulting from his bargain, the law can afford him no relief. Having voluntarily assumed the obligations and the risk of his contract, his legal rights are to be determined solely according to its provisions. McCarren vs. McNulty, 7 Gray, 141; Gray vs. Central R. R. Co. 11 Hun. (N. Y.) 70.

Judgment affirmed.