The opinion of the court was delivered by
Blanchard, J.
Plaintiff was employed by defendants as a clerk in their mercantile establishment for one year at a salary of $55.00 per month during that time.
The contract period was the year 1898, beginning January 1st and; ending December 31st.
*2108 On January 22nd of that year the house in which defendants did ■business, together with their stock of goods and fixtures, was destroyed by fire.
Following- this defendants ceased to do business — did not resume or reopen.
Then, in the early part of March, the firm was dissolved, and at that time, or just following the dissolution, plaintiff was notified! his services were no longer required.
A settlement was made with him up to the time of his discharge, but we do not find that this was accepted by him in full settlement of his claims under his contract.
• In April following he brought the present action claiming his year’s wages, $6(30.00, less $130.00 received by him on account thereof.
He averred his discharge without just cause or complaint and that he had at all times held himself ready to perform the services stipulated for in his contract.
The firm having been dissolved, no answer on its behalf was filed. One of the members thereof, I. B. Jacobs, sued also in his individual ■capacity, alone makes defense. The other partner filed no appearance.
Judgment favorable to plaintiff having been rendered by the district judge, defendant Jacobs prosecuted an appeal to the Court of Appeals.
That tribunal reversed this judgment and rejected plaintiff’s demand.
■ This court, considering the “case one calling for the exercise of its ■discretionary power of review, issued its writ and the cause is now before us under the operation thereof.
The question presented by the issues tendered is whether the destruction by fire of the business house and stock of goods of the defendants, ■and the subsequent dissolution of their firm, absolved them from the obligation contracted with the plantiff to restain him in their employ, -at the salary stipulated, through the remainder of the year.
The contract between the parties was not reduced to writing, but it is not pretended that defendants reserved the right to cancel the agreement in the event a fire occurred destroying their business house and ■stock of goods, or in the event a dissolution of the firm should occur, or if for any cause the business should cease to be conducted.
It was a plain and simple contract of hire. They stipulated to engage his services for a year at a stipend agreed upon.
Before the year was out a fire occurred, the firm dissolved and the business in which defendants were engaged ceased to be carried on.
*2109 Did the happening of these things give defendants the right to cancel the contract? We must hold not, in the absence of a reservation of such right. Hotchkiss vs. Gretna Ginnery, 36 La. Ann. 517.
C. C. 2749 seems to answer the question propounded. “If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has. expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive had the full term of his services arrived.”
Repeated adjudications by this court in the past have affirmed and enforced the principle here announced. 1 R. 319; 16 La. 360; 12 La. Ann. 697; 5 R. 91; 11 R. 290; 23 La. Ann. 495; 26 La. Ann. 369; 22 La. Ann. 112.
Plaintiff was not discharged because of “any serious ground of complaint” against him. Nothing of the kind is set up in the defense. He was discharged because the firm went out of business and no longer had need of his services. This was not sufficient. Hotchkiss vs. Gretna Ginnery, 36 La. Ann. 518; Sherburne vs. Orleans Cotton Press, 15 La. 360.
The dissolution and going out of business by the firm was not necessarily the result of the burning of their house and stock of goods. Nothing is more common in business life than for a business concern to rise “phoenix-like” from its ashes, and, building another house or securing another location, continue business.
The burning of the house and goods was not necessarily the destruction of the business. Another house is generally easy to secure and other goods may be had by means of money and credit.
It is not shown that the fire' forced suspension of business and dissolution, though we are not to be understood as expressing the opinion that had the same been shown it would have relieved defendants.
For aught we know defendants might have continued business had they chosen to. The dissolution of the firm and its retirement from business may have been purely voluntary.
It does not appear that defendants even sustained a loss by fire.
Insurance policies usually protect wholly or partially against such loss. The record is barren of information on these points.
The case is,, we think, with the plaintiff, and, accordingly, it is ordered and decreed that the judgment of the Court of Appeals be set *2110 aside, and that the judgment of the District Court stand as the proper adjudication and determination of the issues presented, costs of all the courts to be borne by defendants.
Rehearing refused.