## GEORGIA RAILROAD COMPANY *v.* GOUEDY.

1. In a suit by an employee against a railroad company for the balance of his wages, the company can not legally defend by showing that the plaintiff had made a mistake whereby the company had suffered loss which had been charged to an agent who was his superior and under whom he was employed, and that, in order to reimburse that agent, it had stopped the wages of the plaintiff, such a course not being authorized by any rule of the company known to the employee or agreed to by him.

2. The fact that the employee, when he received a part of his wages, gave a receipt in full for all demands, does not estop him to claim the balance, when it appears that he at the time protested against the "stoppage" of a portion of his wages.

3. It does not appear that the court committed error in any of the charges complained of, in refusing to charge as requested, or in the admission or exclusion of evidence; and the evidence fully warranted the verdict.

Argued June 12,—Decided July 12, 1900.

Action for damages.    Before Judge Lumpkin.    Fulton superior court.    September term, 1899.

*Joseph B. & Bryan Cumming* and *Alexander & Lambdin*, for plaintiff in error.    *T. J. Ripley*, contra.

SIMMONS, C. J.    A merchant in Union, S. C., ordered a carload of corn from a dealer in Nashville, Tenn.    It was shipped from Nashville and arrived in Atlanta, Georgia, to be forwarded by the Georgia Railroad Co. to Union.    Werner was the local agent of the company in Atlanta.    Gouedy was employed by the company as Werner's billing clerk, and charged with the duty of rebilling cars of this description to their destinations. In rebilling this particular car, Gouedy marked it for Marion, S. C.    When it arrived at that place, there was no consignee to receive it.    It was finally traced and sent to Union, its original destination, but the consignee refused to accept it, because of the delay in delivery.    The car was then sent to Greenville, S. C., and sold by the railroad company at a loss.    The amount of

the loss on the corn and the additional freight charges incurred by reason of the error in shipping was divided among the various railroad companies over whose lines the corn had passed, the amount assessed against the Georgia Railroad Co. being $58.90. This amount the company charged to the local agent, Werner, whom it held responsible. He, in turn, charged it to Gouedy, and when the paymaster came to Atlanta to pay off the employees of the company, the pay-roll showed that ten dollars of Gouedy's wages had been marked as "stopped." Subsequently similar amounts were deducted from his wages, the amounts being given to Werner by the paymaster, until the amount of $58.90 had been deducted from Gouedy's wages on this account. Gouedy upon each occasion signed the pay-roll, thus receipting in full for all demands, but he protested to the paymaster against the deductions from his salary, assigning as his reasons that he had not been negligent in rebilling the car, because the destination of the car, as originally written, was as easily read Marion as Union, and that he had never agreed for Werner to stop any part of his wages on account of this car. The paymaster replied that he had nothing to do with the matter; that Gouedy must appeal to the officials of the company; that so far as he (the paymaster) was concerned, Gouedy must take the amount offered him or else get nothing. Gouedy was finally dismissed, and brought suit, in a justice's court, for the balance due him on account of wages. The magistrate gave a judgment in his favor, and the company appealed to the superior court, where, upon the trial, the jury returned a verdict in his favor. A motion for a new trial was made, and overruled, and the company excepted.

1. It was contended by the counsel for the plaintiff in error, that, by reason of the negligence of Gouedy, its servant, it lost $58.90, and that it had a right to deduct this amount from his wages. Even if the company had power to do this, the record discloses that it did not do so, but charged the loss to Werner, who was responsible under the rules of the company, and then stopped Gouedy's wages simply for the purpose of reimbursing Werner. From the record it would appear that the company had been paid by Werner for the loss, and its action in withholding from Gouedy these various amounts made it a

mere collecting agent for Werner.   Gouedy had never been notified either by Werner or by the company that these amounts were to be deducted.   He had never agreed that the deduction should be made, nor does the record disclose that there was any rule of the company, agreed to by Gouedy or known to him, authorizing such a procedure.   If the company had adopted a rule or regulation to the effect that the amount of any loss occasioned by the negligence of an employee should be charged to him and Gouedy had expressly agreed to the rule, the case might be different.   *Port Royal Ry. Co.* v. *Davis,* 95 *Ga.* 298 ; Wood, Master & Serv. (2d ed.), 186.   But as no such rule was shown, and no agreement of Gouedy to such an arrangement, the company was clearly without authority to make the deduction.   By the action taken Gouedy was fined for negligence without his having any opportunity to make defense, and, indeed, without his knowing anything of the charge of negligence imputed to him.

2. It was also contended that Gouedy, having signed a receipt in full for all of his wages, was estopped to claim the amount deducted therefrom.   Receipts are always open to explanation, and where one signs a receipt purporting to be for all due him, he can explain the circumstances under which he signed it, and, if it appear that he did not receive all that was due him but was forced to take what he did receive or get nothing, the receipt does not estop him to claim the balance.   It will be remembered that Gouedy did not direct the amount deducted to be paid to Werner, but protested against such a course.   Of course if he, at the time he signed the receipt, agreed that the company should pay the money to Werner, or if he, knowing all the facts, by signing the receipt tacitly directed the payment to Werner, he could not recover.   The facts of this case, however, do not justify any such finding.

3. The above are the controlling questions in the case.   There are many grounds in the motion for new trial, complaint being made of charges of the court, of refusals to charge as requested, and of the admission and exclusion of evidence, but they involve no new or important question not covered by what has been said above.   After a careful consideration of them, we find no error, the trial judge having taken the view of the case

indicated above.    The evidence fully warranted the verdict, and it was not error to refuse to grant a new trial.

> *Judgment affirmed.    All the Justices concurring.*