## GOULD *v.* BARROW.

In a proceeding to obtain an accounting, the complainant is not obliged to show
how much is due.   But the law will not do a vain thing and order an ac-
counting, when the petitioner does not aver facts sufficient to indicate that
something will be found to be due him by the defendant.

Argued February 25, — Decided March 18, 1903.

Equitable petition.   Before Judge Seabrook.   Chatham superior
court.   July 19, 1902.

Gould filed, on February 12, 1901, a petition against the execu-
tor of Jackson, alleging that on June 5, 1889, he borrowed from
Whatley, general agent of Jackson, the sum of $3,500, to be due
and payable one year after date, and, as security for the loan, gave
a deed to certain described realty ; that when the note became due
he was unable to pay it, and Whatley informed him that he would
foreclose the deed, and agreed with plaintiff, in order to save the
expense necessary for the sale of the property for the payment of
the loan, that it should be bid in for account of Jackson for a nom-
inal sum ; that, acting in good faith in pursuance of the agreement,
plaintiff requested the prospective bidders of the property, before
and at the date on which it was sold, not to bid on it ; that it was
sold, on October 3, 1893, by the sheriff at public outcry, and was
bid in by Whatley, or by some other person as agent of Jackson,
for $500 ; that on August 1, 1894, Jackson through his agent
sold the property to Fripp for $5,200, and plaintiff was informed
that the sale was made on time ; that he agreed with Whatley that,
after the last payment by Fripp, there would be an accounting, and
that plaintiff would be paid the balance accruing to him after the
principal, interest, costs, and all other expenses incidental to the
loan and the collection of the same by law had been paid to Jack-
son ; that there has been no accounting ; that the amount that may
be due plaintiff as the balance of the proceeds of the sale to Fripp
was a trust fund held for his benefit and in equity should be
paid to him after an accounting ; that, on demand for payment,
Whatley replied that the sale to Fripp was on time, and as soon
as the amount due by Fripp was paid he would make an accounting
and pay plaintiff the amount so ascertained to be due to him ; and
that demand was made on the executor of Jackson (who died on

May 23, 1898), and payment refused by him.　Discovery is waived, and it is prayed that Jackson's executor be required to present to the court a full statement of the amount realized from the sale to Fripp, and the amount of the loan to plaintiff, together with all interest, costs, charges, and other expenses connected with the sale of the property, and the surplus accruing after such expenses and deductions have been made.

The defendant demurred on the grounds: (1) that no cause of action is set forth; (2) that it does not appear that defendant is indebted to plaintiff; and (3) that it does not appear that plaintiff's demand is not barred and stale.　The demurrer was sustained on the ground that the action was barred.

*John S. Schley* and *William P. Hardee*, for plaintiff.
*Adams, Freeman, Denmark & Adams*, for defendant.

LAMAR, J.　At the date of the credit sale to Fripp for $5,200, the principal and interest of petitioner's debt amounted to $4,959.05, to which were to be added attorney's fees and costs of foreclosure and sale, which it might be fair to say would have approximated the difference between $4,959.05 and $5,200.　According to petitioner's own showing, it was doubtful if anything would be due to him on an accounting.　But even if there would be a balance, the petitioner, notwithstanding a demurrer, failed to amend or to allege that Fripp's notes were due, or that Fripp had paid his purchase-money notes, or that the defendant's testator or his executor had received more than petitioner owed, or that they had in hand money due to him, or that something would be found due on the accounting.　He was not obliged to allege how much was due, but was bound to aver facts to show that he had a cause of action, and that something would be found due him.　Civil Code, § 4960. The law will not do a vain thing and order an accounting when a petitioner does not show that he will gain thereby.

It is unnecessary to consider whether the suit was premature, or whether prima facie this appears to be such an intricate and complicated account as would justify a resort to equity (Civil Code, § 3989), or whether the demand was stale.

*Judgment affirmed.　By four Justices.　Cobb, J., disqualified.*