### 1103.   BASS DRY GOODS CO. *v.* ROBERTS COAL CO.

Where the aggregate amount of an account is in dispute, but the debtor concedes a liability for a part thereof, and tenders that sum in payment, on the condition that it shall be in full settlement, the creditor, by retaining and using the money, check, or other thing of value so tendered, extinguishes the whole account, notwithstanding he protests, at the time, that the remainder of his claim is still due and owing.

Complaint, from city court of Atlanta—Judge Calhoun.   March 3, 1908.

Argued May 8,—Decided July 25, 1908.

*Dodd & Dodd,* for plaintiff in error.

*Horton Brothers & Burress,* contra.

POWELL, J.  The Roberts Coal Company had an account for coal, consisting of a number of items against the Bass Dry Goods Company, amounting to $302.34.  The Bass Company disputed the account, but finally conceded a liability for $194.64 thereon, and tendered the coal company a check for this sum, bearing on its face the words, "in full to Dec. 1, 1902."  The account in question consisted of items charged prior to that date.  The coal company, after holding the check for some time, collected it, but wrote that it did not admit that the check covered the whole amount due to December 1, 1902, and that it would insist upon payment of the remainder.  The present action includes a claim for $107.70 on account of coal prior to December 1, 1902, and an item of $81.33 for coal delivered after that date.  The jury gave a verdict for the full amount claimed; the judge overruled the motion for a new trial, and the defendant excepts.

To quote from Chicago Ry. Co. *v.* Clark, 178 U. S. 353 (44 L. ed. 1099, 20 Sup. Ct. 924), cited approvingly in *Redmond* v. *Atlanta & Birmingham Ry.,* 129 *Ga.* 140 (58 S. E. 877), "the cases are many in which it has been held that where an aggregate amount is in dispute, the payment of a specified sum conceded to be due, that is, by including certain items but excluding disputed items, on condition that the sum so paid shall be received in full satisfaction, will be sustained as an extinguishment of the whole."  In such cases, if the debtor tenders the sum as to which he is willing to concede a liability, on condition that it is to be accepted in full settlement, the creditor must decline the tender and not retain and use the money, check, or other thing of value offered in full settlement.  *Redmond* v. *Ry.,* supra; *Walker* v. *O'Neill Mfg. Co.,* 128 *Ga.* 835 (58 S. E. 475); *Walker* v. *Wadley,* 124 *Ga.* 286 (52 S. E. 904); *Jenkins* v. *National Bldg. Asso.,* 111 *Ga.* 732 (36 S. E. 945); *Hamilton* v. *Stewart,* 105 *Ga.* 300 (31 S. E. 184), s. c. 108 *Ga.* 472 (34 S. E. 123).  The subject is so thoroughly reviewed in the *Redmond* case that we do not deem it necessary to distinguish the following cases, which, while apparently to the contrary in some of their phases, are nevertheless clearly and ra-

tionally distinguishable.  *Carlton* v. *W. & A. R. Co.,* 81 *Ga.* 531
(7 S. E. 623); *Armour* v. *Ross,* 110 *Ga.* 403 (35 S. E. 787);
*Georgia Railroad Co.* v. *Gouedy,* 111 *Ga.* 310 (36 S. E. 691);
*Robinson* v. *Leatherbee Co.,* 120 *Ga.* 901 (48 S. E. 380).   The
recovery as to the $107.70 is unauthorized; but there is no reason
for reversing the judgment as to the remainder of the recovery.
The judgment, therefore, will be affirmed on condition that the
plaintiffs in the court below will write off from their verdict the
$107.70 and interest thereon.

*Judgment affirmed, on condition.*