### 16421.   NEWCOMB *v.* WAGONER.

The rule requiring the plaintiff to furnish a bill of particulars did not apply to an action for an accounting where it appeared from the petition that under the contract on which the suit was based the defendant was to keep all books of account of the business in which the parties were engaged and to which the contract related, that the defendant did keep such accounts, and that the plaintiff did not have and was refused access to them.

Where, under a contract of employment between the owner of a business and one employed as its manager, the manager was to receive out of the gross receipts of the business a stated amount on a monthly drawing account, and was further to receive as compensation a stated portion of the net profits of the business, the signing of a receipt by the manager, for the amount due on his monthly drawing account, reciting that it was "in full payment . . for services to" the date of the receipt, did not estop him from asserting his claim for profits due him, unless his claim for them was intended to be covered by the receipt. Such a receipt is open to explanation.

The finding of the auditor in favor of the plaintiff, and the verdict sustaining it, were not unsupported by evidence.

DECIDED FEBRUARY 13, 1926.

Complaint; from Richmond superior court—Judge A. L. Franklin. March 7, 1925.

Application for certiorari was made to the Supreme Court.

Wagoner, by his petition against Newcomb, sought an accounting and sued for a stated sum as his alleged share of the net profits arising from the operation of a coffee shop and restaurant, alleging

---

Accord and Satisfaction, 1 C. J. p. 562, n. 83.
Estoppel, 21 C. J. p. 1148, n. 69.
Evidence, 22 C. J. p. 1140, n. 41.
Partnership, 30 Cyc. p. 737, n. 73.
Pleading, 31 Cyc. p. 580, n. 76.

that the plaintiff was to receive for his services under his contract of employment $125 per month on a drawing account, after which he was to have 50 per cent. of the net profits arising from the operation of the restaurant and 50 per cent. of 85 per cent. arising from the operation of the coffee shop. In the petition as amended it was alleged that the petitioner, as manager or steward of the said establishments, turned over the gross receipts, as received from day to day, to the defendant, whose duty it was to keep all books, records, and accounts of the business of both establishments; that the defendant had failed and repeatedly refused to render him a statement as to the condition and profits of the business, and had refused to permit him to inspect the books and records disclosing the same. To the petition as amended the defendant demurred, on the ground that the plaintiff had failed to attach to his petition an itemized statement or bill of particulars, showing the detailed profits and losses, or profits, of the business. The case was referred to an auditor, who overruled the demurrer, and on the hearing found a sum in favor of the plaintiff. Exceptions were taken to the findings of the auditor both upon questions of law and questions of fact. His ruling on the demurrer was sustained by the superior court, and exceptions pendente lite were filed by the defendant. The exceptions of fact were approved by the court, for trial before a jury, and the exceptions of law were overruled. On the trial before a jury the auditor's findings of fact excepted to were sustained. The defendant filed a motion for a new trial, complaining of certain parts of the charge of the court and the failure to give certain instructions to the jury; the motion was overruled, and the movant excepted, assigning error on that judgment and on the rulings complained of in the exceptions pendente lite.

*Callaway & Howard,* for plaintiff in error.

*Pierce Brothers,* contra.

JENKINS, P. J. (After stating the foregoing facts.)   1. This case has been transferred to this court by the Supreme Court.

2. Whether or not the rule requiring that a bill of particulars, when demanded by demurrer, shall accompany the plaintiff's petition applies in suits for an accounting (see *Gould* v. *Barrow,* 117 *Ga.* 458, 43 S. E. 702), such could not be the rule in the instant case, where from the petition it appeared that under the contract

forming the basis of the suit the defendant "was to keep all books of account, statements, and accounts showing the business operations of said two restaurants, and defendant did keep such books and records," and where it further appeared that the plaintiff did not have and was refused access thereto.

3. If, when the plaintiff signed the last receipt for the amount due on his current monthly drawing account, which stipulated on its face that it was in full for services to that date, it appears that it was in the minds of the parties that it was intended to cover all claims for services, both current drawing account and his distributive share of the net profits, the signer of the receipt would be bound by the stipulation (*Riley* v. *London Guaranty & Acc. Co.*, 27 *Ga. App.* 686, 109 S. E. 676; *Bass* v. *Roberts Coal Co.*, 4 *Ga. App.* 520, 61 S. E. 1134); but where, under a contract of employment by the owner of an enterprise with the plaintiff as its manager, the manager was to receive out of the gross receipts of the enterprise a stated amount on a monthly drawing account, and was further to receive as compensation a stated portion of the net profits, if any, which the enterprise might produce, the fact that the manager may have signed a receipt covering his accrued monthly drawing account as in full for services would not estop him from asserting his claim for any profits due him, unless his claim for them was intended to be covered thereby. Such a receipt is open to explanation (*Walters* v. *Odom*, 53 *Ga.* 286; *City Bank of Macon* v. *Kent*, 57 *Ga.* 283, 284 (6); *Georgia Railroad Co.* v. *Goudy*, 111 *Ga.* 310 (2), 312 (36 S. E. 691); *Macon Canning Co.* v. *Roberts*, 26 *Ga. App.* 147 (4) (105 S. E. 734)); and the signer should be permitted to show that the payment for services referred to therein was that which he was entitled to receive monthly from the gross receipts, and was not intended to include his claim for such portion of any net profits as under the other part of his contract he might have been entitled to. In *Watts* v. *Baker*, 78 *Ga.* 622 (1), 628 (3 S. E. 773), Chief Justice Bleckley, speaking for the Supreme Court, said: "The words 'in full,' etc., ought to be interpreted with reference to the subject-matter of the settlement on which the instrument was founded." The court therefore did not err in giving the charge excepted to or in refusing to give the charge requested.

4. The evidence before the auditor and before the jury on its

trial of the exceptions of fact is very voluminous. It is not altogether as clear as could be desired. This may have been brought about to some extent by the misfortune of the defendant in the destruction of the books and records in his custody by fire; but we do not feel authorized to set aside the finding of the auditor and the verdict sustaining it, as being contrary to law on the theory that it is absolutely without any evidence to support it.

*Judgment affirmed. Stephens and Bell, JJ., concur.*