LUTHER P. STEPHENS INVESTMENT COMPANY *v.*
BERRY SCHOOLS.

No. 12782.   May 10, 1939.

*Mitchell & Mitchell,* for plaintiff.

*Alston, Foster, Moise & Sibley,* and *R. J. Ward;* for defendant.

DUCKWORTH, Justice. ■ The plaintiff in error contends that by reason of the terms of the security deed, and the fact that the defendant received the rents from the property, the defendant was a "mortgagee in possession" of the property described in the security deed, and that the auditor erred in not so finding. The security deed contained, among others, the following provisions: "The said party of the first part further covenants that the relation with the said party of the second part, during the terms of this instrument, shall be that of tenant under the said party of the second part; and in case of a sale as hereinbefore provided, or by foreclosure by process of law, the party of the first part, or any one claiming under the said party of the first part, shall then become and be a tenant or tenants holding over, and shall forthwith deliver possession at said sale or be summarily dispossessed according to the provisions of law applicable to tenants holding over. Upon any default in

the payment of the indebtedness hereby secured, principal or interest, or any instalment or renewal, in whole or in part thereof, when and as the same shall become due, or by reason of the default above provided, or in case of default in the performance of any of the covenants and agreements herein contained, the party of the second part may enter upon said premises and collect the rents and profits thereon (which said rents and profits in such case are now, in consideration of the premises, transferred and assigned to the party of the second part). . . This instrument is made to conform to sections 67-1301, 67-1307, and 67-1501 of the Code of Georgia of 1933, and the acts of the legislature amendatory thereof. . . Upon full payment of said indebtedness in accordance with the terms of this deed, said note and coupons, said party of the second part will reconvey the said property hereinbefore described."

It is apparent from the quoted provisions that it was the intention of the parties to execute a deed to secure a debt, in conformity with the law as contained in the Code, § 67-1301 et seq. The grantor of such a deed retains the right to possession of the property. *Uvalda Naval Stores Co.* v. *Cullen,* 165 *Ga.* 115, 117 (139 S. E. 810); *Citizens & Southern Bank* v. *Realty Savings & Trust Co.,* 167 *Ga.* 170 (144 S. E. 893). The plaintiff contends, however, that the clause in the deed reciting that as between the parties, during the life of the instrument, the grantor should be the tenant of the grantee, had the effect of delivering possession of the premises and making the defendant a "mortgagee in possession," and therefore accountable to the plaintiff for extraordinary diligence in the preservation of plaintiff's property. Without intimating that the plaintiff is correct in the amount of diligence which a mortgagee in possession owes to the mortgagor, we are of the opinion that the auditor did not err in finding that the defendant was not a mortgagee in possession. "The term 'mortgagee in possession' is applied to one who has lawfully acquired actual possession of the premises mortgaged to him, standing upon his rights as mortgagee and not claiming under another title, for the purpose of enforcing his security upon such property or making *its* income help to pay his debt; but the mere fact that the mortgagee receives the rents and profits does not constitute him a mortgagee in possession, unless he takes the rent in such a way as to take out of the hands of the mortgagor the management and control of the

estate." 41 C. J. 612, § 580. The fact that the grantor, under the provisions of the deed, was termed a tenant of the grantee was not such delivery of possession as to constitute the grantee a mortgagee in possession. Neither did the fact that the defendant, in 1933 after the loan had become in default, began to collect the rents and apply them to the indebtedness create such a relationship. The deed contained a rent assignment, and provided that the grantee might collect the rents and profits in case of default. There was evidence that in pursuance of this assignment the plaintiff, after default of the loan, directed its tenant to pay the rents to the defendant. Evidence in behalf of the defendant tended to show that this was the only control which it ever exercised over the property, that there was never any agreement for the grantee to take over the actual possession and control of the property, and that the grantor retained possession and control thereof at all times. Even though there may have been conflict in the evidence on this issue, this conflict is not ground for a reversal. "Where the evidence, though conflicting, supports the finding of the auditor, it is not an abuse of discretion to disapprove the exceptions of fact." *Peyton* v. *McMillan,* 145 *Ga.* 179 (7) (88 S. E. 937).

One of the findings of the auditor was that the security deed authorized the defendant, in event of default, to enter upon the premises and collect the rents from the property, and that by reason of the grant of this power the plaintiff waived any right to claim that the defendant by collecting the rents became a mortgagee in possession. There is no merit in the contention that the effect of this finding was to hold that the defendant was a mortgagee in possession, and therefore in conflict with other findings.

■ The auditor found that the defendant was entitled to a judgment "for the principal sum of $10,000, $1422.74 interest thereon to November 10, 1937, and interest from that date at the rate of 8% per annum, and the further sum of $1786.54 advanced by defendant for taxes and insurance," etc. The plaintiff excepted to this finding, on the ground that there were no pleadings authorizing the auditor to find that any amount of interest was due. There is no merit in this ground. "In a proceeding to obtain an accounting, the plaintiff is not obliged to set out an itemized statement showing the amounts claimed by him, or to aver how much is due him upon an accounting; but all the petitioner in such a

proceeding has to aver are facts sufficient to indicate that something will be found to be due him by the defendant." *Smith* v. *Hancock*, 163 *Ga.* 222 (5) (136 S. E. 52). The allegations and prayers of the cross-bill were ample to authorize the finding of the auditor in this suit for an accounting.

None of the other exceptions to the auditor's report being referred to or argued in the brief of counsel for the plaintiff in error, they are treated as abandoned and will not be considered. Code, § 6-1308. *Judgment affirmed. All the Justices concur.*