FLOYD *v.* FARISH.

No. 14383. DECEMBER 1, 1942.

*Ed Wohlwender Jr.,* for plaintiff.   *R. M. Arnold,* for defendant.

HEWLETT, Justice.   The only question presented for our decision is whether or not, under the petition, the plaintiff was entitled to an accounting.   It is observed that the partnership agreement provided that the partners should give to each other a quarterly accounting of the profits or losses of the business, which should be shared and borne by each of them.   Therefore a contractual duty rested upon the defendant, who had the books, records, and money of the partnership, to give to the plaintiff an account of the affairs of the partnership every quarter, so that he might know what profits were made or losses were sustained.   The defendant in his brief and argument took the position before this court that the petition did not set forth a cause of action for an accounting either at law or in equity, for the reason that no facts were alleged which would indicate that something would be due to the plaintiff if an accounting were had.   In support of this position the following cases were cited: *Gould* v. *Barrow,* 117 *Ga.* 458 (43 S. E. 702); *Calbeck* v. *Herrington,* 169 *Ga.* 869-873 (152 S. E. 53); *Southern Feed Stores* v. *Sanders,* 193 *Ga.* 884 (2), 886 (20 S. E. 2d, 413); *Stephens* v. *Berry Schools,* 188 *Ga.* 133 (2) (3 S. E. 2d, 68).

An examination of those cases shows that in none of them was there a contractual duty resting upon one or both of the parties to give an accounting, as is provided in the contract involved in the case before us. It was held by this court that when one party calls upon another for an accounting, it must be made to appear that there is something in the hands of the defendant due to the plaintiff; but the situation here is different, as we have stated. Where a contractual duty rests upon a party, as in the case now before us, to furnish an accounting of the affairs of a partnership, and such party has the books and records in his possession, and refuses to produce them, the plaintiff is entitled to bring an action seeking for an accounting. In *Southern Feed Stores* v. *Sanders,* supra, this court said: "Where it appears from the petition that the defendant was to keep the books, and the plaintiff was refused access to them, no bill of particulars is required. *Newcomb* v. *Wagoner, 35 Ga. App.* 29 (132 S. E. 117); *Hogan* v. *Walsh, 122 Ga.* 283 (50 S. E. 84)." Even if the defendant had only unreasonably neglected to render this accounting, he could be required to do so. See 1 C. J. 629; 1 C. J. S. 660, § 27. Therefore, in our opinion, the court erred in sustaining the general demurrer.

*Judgment reversed. All the Justices concur.*