18631. GIORDANO *v.* KLEINMAIER.

ARGUED JUNE 16, 1954—DECIDED JULY 13, 1954.

*J. E. Chambers,* for plaintiff in error.
*Claude E. Hambrick, Jr., Cohen, Roberts & Kohler,* contra.

ALMAND, Justice. Mrs. Susie Giordano brought a petition against J. M. Kleinmaier and others, wherein she sought a money judgment and an accounting against Kleinmaier, and as against him and the other defendants, marshals and deputy marshals, an injunction restraining them from further proceeding with a levy made on certain personal property of the plaintiff. The general demurrer of Kleinmaier was sustained. The bill of exceptions brought by the plaintiff assigns error on the order of dismissal.

The petition as amended in substance alleged: The defendant Kleinmaier is indebted to the plaintiff in the sum of $3,000. On January 4, 1952, she entered into a contract with Kleinmaier for the operation of her business known as Piedmont Reweaving Company. Under this contract, a copy of which was attached to the petition as an exhibit, the plaintiff employed Kleinmaier to manage the operation of said business from that date until September 30, 1953, he agreeing to do what was necessary for the operation of the business during said period, and "from the income of said business to pay first all expenses of said business,

and to accept in payment for his services one-half of the net profits of said business after payment of all expenses." At the end of said contract or its sooner termination, Kleinmaier agreed that he would pay to the plaintiff the balance of the net profits. It was further agreed that Kleinmaier would open a special bank account, in which all income of the business would be deposited, and from which all expenses thereof would be paid. The plaintiff furnished all the fixtures, equipment, machinery, pressers, ironers, and everything necessary for the operation of the business, and left $143 in a named bank to be used in the business, of which there has been no accounting made. Kleinmaier has failed and refused to abide by the contract, in that he has refused to pay the plaintiff any part of the profits derived from the business, although she has made demand upon him to do so. Her share of the profits from the business is $3,000 or more. Kleinmaier holds a judgment against her from the Civil Court of DeKalb County obtained during the April term, 1953, as the result of a suit filed in that court on a lease contract entered into by the plaintiff and Kleinmaier in October, 1948. It is now necessary to have an accounting of the profits and losses of said business and ascertain the amount of profits alleged to be due her for her one-half interest in the business, and that all books, papers, and records of all money received and all money paid into and paid out of said business be shown, in order to show the profits or losses, and that an accounting be had as to "any and all transactions connected with said business since January 4, 1952, up to the present time." Kleinmaier is insolvent and unable to respond to any judgment that may be obtained in this case. The petitioner described the personal property levied on under the fi. fa. The prayers were for an accounting, a money judgment for $3,000, and an injunction.

1. It is insisted that the petition did not set forth a cause of action either at law or in equity, for the reason that no facts are alleged which would indicate something was due to the plaintiff if an accounting was had. It is averred that the allegations in the petition do not show that there would be any profits due to the plaintiff by Kleinmaier after the payment of all expenses of operation of the business. It is true that in a case of this character, where there is no contractual duty resting upon the de-

fendant to furnish an accounting of the affairs of a partnership, a petition for an accounting must aver facts sufficient to indicate that something will be due on an accounting by the defendant (*Gould* v. *Barrow*, 117 *Ga.* 458, 43 S. E. 702; *Calbeck* v. *Herrington*, 169 *Ga.* 869, 152 S. E. 53; *Luther P. Stephens Investment Co.* v. *Berry Schools*, 188 *Ga.* 132 (2), 3 S. E. 2d 68); but where, as in this case, the defendant is under a contractual duty to furnish an accounting of the affairs of the partnership, and has the books and records in his office and refuses to produce them, the plaintiff is entitled to seek an accounting, so that she may know what profits were made or losses sustained. In our opinion, the instant case falls within the ruling in *Floyd* v. *Farish*, 195 *Ga.* 70 (23 S. E. 2d 258), which holds: "Where it appears from the petition that a contractual duty rests upon a party defendant to furnish an accounting of the affairs of a partnership, and such party has the books and records in his possession and refuses to produce them, the plaintiff is entitled to bring a petition in equity, seeking an accounting." Under the contract between the parties in the instant case, Kleinmaier agreed to operate for the plaintiff the business known as Piedmont Reweaving Company for a specified period, and from the income of the business, after payment of all expenses, he would receive one-half of the net profits for his services, and at the end or termination of the contract he would pay the balance of the net profits to the plaintiff. It is alleged that Kleinmaier took over the operation of the business under this contract, and refused to pay or account to the plaintiff for any part of the profits of the business; her part of which she estimated to be $3,000 or more. During the contract period, Kleinmaier had charge of the business, and all the records appurtenant to its operation were kept by him, and it would be necessary to have the records and information appurtenant to the operation of the business in order to show that either profit or loss was sustained. As against a general demurrer, these allegations were sufficient to state a cause of action for an accounting.

2. The petition alleged that the defendant Kleinmaier had obtained a judgment against the plaintiff in the Civil Court of DeKalb County in the sum of $900, that certain personal property of hers had been levied on by the defendant officers, and

that Kleinmaier was insolvent and unable to respond to any judgment that might be entered in the instant case. We are of the opinion that the petition set forth a cause of action for an injunction restraining the defendants from prosecuting said levy, for the reason that, the jurisdiction of the Civil Court of DeKalb County being limited to claims not in excess of $1,000 (Ga. L. 1949, p. 666), the plaintiff could not have set up her claim for an accounting under which she claims $3,000, as a setoff to Kleinmaier's suit in that court. A court of equity will restrain by injunction a proceeding in a court of law after judgment, where it appears that it will be against conscience to execute such judgment, and for a defense of which the party could not have availed himself in the court of law. *Pollock* v. *Gilbert*, 16 *Ga.* 398 (60 Am. D. 732). The right of the plaintiff to set off her present demand against Kleinmaier being denied by reason of the limited jurisdiction of the Civil Court of DeKalb County, and the allegation that Kleinmaier, who holds the judgment against the plaintiff, is insolvent, set out sufficient facts to authorize a court of equity to stay the enforcement of the judgment held by Kleinmaier against the plaintiff until after her claim to a judgment against Kleinmaier can be settled and determined in this proceeding. *Waters* v. *Perkins*, 65 *Ga.* 32 (1); *Lucas* v. *Wilson*, 67 *Ga.* 356 (2); *Hecht* v. *Snook & Austin Furniture Co.*, 114 *Ga.* 921 (41 S. E. 74); *Saffold* v. *Evans*, 146 *Ga.* 180 (2) (91 S. E. 21).

It follows that the court erred in sustaining the general demurrer of the defendant Kleinmaier.

*Judgment reversed. All the Justices concur.*