GEORGE C. JOHN, Appellant, *v.* COE-STAPLEY MANUFACTURING Co., INC., Respondent.

First Department, June 16, 1922.

**Master and servant — action for breach of contract of hiring — evidence established hiring for one year and not at will — accord and satisfaction — burden on defendant to establish — receiving and cashing check given on discharge not accord and satisfaction.**

In an action by a salesman to recover for breach of an alleged contract of hiring for one year from January 1, 1920, it appeared that he was discharged before the end of the year; that he thereafter accepted and cashed a check which contained the statement " in full of all demands including salary to September 30, 1920." *Held*, that the court was justified on the evidence in holding that the term of employment was for one year instead of at will, as claimed by the defendant.

The burden was upon the defendant of establishing the elements necessary to constitute an accord and satisfaction at the time the check was delivered and accepted.

No inference can be drawn that there was an accord and satisfaction from the check itself, for while it is stated that it is in full for all demands, there is added to those words " including salary to September 30, 1920, " and so by its express terms it excluded from the settlement salary due between September thirtieth and the end of the year.

APPEAL by the plaintiff, George C. John, from an order and determination of the Appellate Term, Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 9th day of June, 1921, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Seventh District, in favor of the plaintiff, and granting a new trial.

*Walter E. Godfrey* [*Aaron H. Marx* of counsel], for the appellant.

*Thomas H. Wight* of counsel, for the respondent.

PAGE, J.:

The plaintiff was employed as a salesman for the defendant at the rate of $4,000 per year and $125 per week traveling expenses.

The defendant claims that on or about the twentieth day of August its sales manager discharged the plaintiff. A check was given to the plaintiff, dated August twenty-fourth, for the sum of $502.32, which stated " in full of all demands including salary to September 30, 1920." The plaintiff cashed this check. The plaintiff claimed that he was hired for a year. The claim of the defendant was that the hiring was at will. The defendant's witness, Mr. Harding, its sales manager, testified that he discharged

plaintiff on the twentieth of August; and that, the plaintiff claiming that the term of his hiring was for a year, he offered to pay plaintiff's salary up to September thirtieth; and that the plaintiff wanted him to pay the salary to November first, but that he refused to do so and the plaintiff accepted the check above mentioned. The plaintiff denied this conversation and said that on August twentieth he was given notice of his discharge to take effect September thirtieth; that he continued working for the company and brought in orders which were accepted after the receipt of the check, and continued to report at the office until about the eleventh day of September, when Mr. Harding told him not to come to the office any more. The plaintiff called the former president of the company with whom the contract of employment was made, and he testified positively that the term of employment was for one year. The Municipal Court judge was thoroughly justified in holding that the term of employment was for one year instead of at will, as claimed by the defendant. The Appellate Term at first affirmed the judgment, but on a reargument reversed and granted a new trial. The latter opinion proceeds upon the theory that the taking of the check was in accord and satisfaction of plaintiff's claim. It is stated in the opinion that the cause of action is for breach of contract of employment and not for salary; that the evidence showed that there was a dispute concerning the contract at the time the aforementioned check was given, but that the facts are not brought out with sufficient clarity, and the case should, therefore, be sent back for a new trial.

The burden was upon the defendant to establish the elements necessary to constitute an accord and satisfaction at the time the check was delivered and accepted. No inference can be drawn that there was an accord and satisfaction from the check itself. The check states that it is in full for all demands, but there is added to those words " including salary to September 30, 1920." Therefore, by its express terms it excluded from the settlement salary due subsequent to September thirtieth. If it intended to be in full for all claims for salary, it should have stated, " including salary to December 31st." The dispute between the parties was not as to the amount due. The dispute was as to the terms of the contract, the defendant claiming that the contract was a hiring at will, and the plaintiff claiming that it was a contract for one year. Upon conflicting evidence the trial justice found for the plaintiff.

In my opinion the Appellate Term erred in reversing the judgment. Therefore, the determination of the Appellate Term should

be reversed and the judgment of the Municipal Court affirmed, with costs in this court and in the Appellate Term.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Determination reversed and judgment of Municipal Court affirmed, with costs in this court and in the Appellate Term.