*J. L. Mayson, C. S. Winn,* for defendant.

---

18199.    THROWER *v.* DAVIS *et al.*

STEPHENS, J.  1. Where by the terms of a lease contract the rental fell due in stated amounts for stated monthly periods, and where the only dispute between the landlord and the tenant was as to the date of the termination of the lease, the tenant contending that it terminated January 15th, and the landlord contending that it terminated February 15th following, a payment made prior to January 15th by the tenant to the landlord of the rental installment called for in the lease for the monthly period which fell due January 15th, the payment being accompanied by a statement by the tenant that the lease would expire January 15th and that the payment made was "in full to the date of expiration of our lease," was, assuming that the payment was made by the tenant and accepted by the landlord, a payment in full satisfaction of all claims due up to January 15th, and was not an offer of satisfaction of any rental which might be due under the lease contract as contended for by the landlord for the ensuing month from January 15th to February 15th. The dispute was not as to the amount due, but as to date of the termination of the lease. See, in this connection, John *v.* Coe-Stapley Mfg. Co., 201 App. Div. 704 (194 N. Y. Supp. 681).

2. In this case, which is a suit instituted in the Municipal Court of Atlanta by the landlord against the tenant to recover under the lease contract for the rental alleged to be due for the month beginning January 15th and ending February 15th, the acceptance by the landlord, under the circumstances indicated above, prior to January 15th, of the rental paid by the tenant for the month ending January 15th was not sufficient to establish an accord and satisfaction of the claim sued on.

3. Since, however, it appears from the evidence that there was an issue of fact as to whether the lease contract had expired upon January 15th, and therefore as to whether the plaintiff was entitled to recover, the verdict rendered in the municipal court of Atlanta for the plaintiff in the amount sued for was not as a matter of law demanded, and the judgment of the judge of the superior court, sustaining a certiorari sued out by the defendant (who excepted to the affirmance of the judg-

Certiorari, 11 C. J. p. 222, n. 34.
Landlord and Tenant, 36 C. J. p. 295, n. 47.

ment for the plaintiff by the appellate division of the municipal court of Atlanta), and granting a first new trial, is affirmed.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

JENKINS, P. J., concurring specially. Inasmuch as the defendant tendered what he claimed was the last installment under the lease contract, and it was accepted as having been tendered in full settlement of all amounts due or which would become due under the lease, and as in settlement of the controversy as to when the lease would expire and as to how much would become due thereunder, it is my opinion that the rulings of this court in *Bass Dry Goods Co.* v. *Roberts Coal Co.*, 4 *Ga. App.* 520 (61 S. E. 1134), *Ryan* v. *Progressive &c. Publishing Co.*, 16 *Ga. App.* 83 (84 S. E. 834) and *Riley* v. *London Guaranty &c. Co.*, 27 *Ga. App.* 686 (109 S. E. 676), must govern, and that the record evidences an accord and satisfaction. I concur in the judgment of affirmance, but not in the ruling stated in the first paragraph of the decision.

DECIDED MARCH 3, 1928.

Certiorari; from Fulton superior court—Judge Moore. April 13, 1927.

*Smith, Hammond & Smith, William H. Smith,* for plaintiff.

*Little, Powell, Smith & Goldstein, Noah J. Stone,* for defendant.