31722. MARTIN, GINTER & POWERS *v.* LIBERTY COUNTY BOARD OF EDUCATION.

DECIDED OCTOBER 3, 1947.

*Fraser & Underwood,* for plaintiffs.
*W. C. Hodges,* for defendant.

PARKER, J. Martin, Ginter and Powers, a partnership composed of R. L. Martin, F. L. Ginter and Ed Powers, sued the Liberty County Board of Education for a balance of $3,363.27 alleged to be due them as contractors for the building of a high school annex and a colored school building in Hinesville, Georgia. At the conclusion of the evidence the court directed a verdict for the

defendant.   A motion for new trial filed by the plaintiffs was over-ruled and they have excepted.

■   The defendant has moved to dismiss the writ of error upon the ground that the brief of evidence does not conform to the rules of this court.   It does appear that the brief is rather crudely prepared, but a failure to brief the evidence on appeal to this court is not a ground for dismissing the writ of error.   *Southern Cotton Oil Co.* v. *Ocilla Oil &c. Co.,* 74 *Ga. App.* 740 (41 S. E. 2d, 325).

■   The plaintiffs were awarded a contract by the defendant, in a resolution passed by it on November 7, 1941, to construct certain school buildings at a total cost of $33,632.70.   This contract provided that the plaintiffs should begin the work on a date specified by the defendant or its architect.   It was known by all of the parties that the Federal government was furnishing the money and the work would not begin until the money was made available.   In February or March, 1942, the plaintiffs wrote a letter asking to be relieved of the contract on account of rising prices of material and labor, and they contended that they were relieved by the defendant; but the defendant denied this contention and showed that there was no resolution in their minutes repealing the resolution awarding the contract to the plaintiffs.   On March 3, 1942, the defendant passed another resolution agreeing to pay the plaintiffs an additional 10% of the sum provided in the original contract.   On April 7, 1942, at the next regular meeting of the Board of Education, which was attended by F. L. Ginter representing the plaintiffs and a Mr. Aldridge representing the Federal Works Administration, all of the parties agreed that the government was responsible for the delay, and would assume liability for any loss incurred by the plaintiffs on account of increased prices, and would be responsible to the plaintiffs for the same.   It was also agreed by all of the parties at this meeting that the defendant should rescind the resolution of March 3 agreeing to pay the extra 10%, and a resolution was accordingly adopted by the defendant.

When the work was completed in August 1942, the defendant gave to the plaintiffs three checks, one for $1268, with writing thereon that it was "final payment on colored school in Hinesville, Georgia;" one for $2674.90 reciting that it was "final payment on white school building;" and one for $216 reciting that

it was "final payment according to adjustments on contracts for school buildings." The plaintiffs admitted that they received these checks with knowledge of the recitals thereon, that the checks were cashed by them and that the funds received from the checks went into the funds of the plaintiff partnership. It was the contention of the defendant that by the acceptance of these checks, and the keeping of the money obtained on them, without protest on the part of the plaintiffs, they were estopped from claiming any other or further sums of money from the defendant.

We think the court was right in directing the verdict for the defendant under the facts appearing. Even though the plaintiffs were not responsible for the increase in the costs of building materials and labor during the delay, and were not responsible for the delay, they took the contract knowing that they could not begin the work until the government made the funds available and they were authorized by the defendant to proceed. They took the risk of rising prices during the interim between the acceptance of the contract and the beginning of the construction thereunder. It would seem also that the resolution of the defendant to add 10% to the contract price was without consideration as to it because the plaintiffs were already bound to do the work for the original contract price. The plaintiffs claimed that they were released from the original contract, but their testimony on this point was very indefinite and unsatisfactory. Mr. Powers testified that they and their bondsmen were released at a meeting of the board on December 4, and also that he believed the contract was canceled, but did not know it; but the plaintiff's exhibit to their petition showed that the construction agreement and their bond were not signed by them and their surety until December 6. The defendants showed by their records and oral testimony that the original contract had not been rescinded. If the plaintiffs' contention is accepted, and it be admitted that the original contract was abandoned, the resolution for the additional 10% was admittedly rescinded by the consent of the parties, and the plaintiffs had no contract whatever. Mr. Ginter testified that in his negotiations with the board he was acting for his firm, and that "I consented for the rescinding of the contract the Board of Education made with us for this ten per cent." His further testimony that he had an understanding with the board that the plaintiffs

would not lose any money on the contract, and that the members of the board agreed by "word of mouth" that "we should not lose," does not, in our opinion, establish a contract as sued on by the plaintiffs. A plaintiff must recover upon the cause of action as laid in the petition. The suit was on an alleged express contract. The proof failed to establish such a contract. The plaintiffs were not entitled to recover on a quantum meruit. *Seaboard Air-Line Ry. Co.* v. *Henderson Lumber Co.*, 28 *Ga. App.* 391 (111 S. E. 220), and citations.

We think that the verdict for the defendant was properly directed for another reason. The plaintiffs accepted checks (after the work was completed) with recitals thereon showing final payment on the colored school, on the white school building, and for adjustments on the contracts for these buildings. The defendant pleaded these checks as an estoppel against the plaintiffs but refers to them in its brief as establishing an accord and satisfaction. Regardless of whether the payments made by the defendant to the plaintiffs at the conclusion of the work as shown by these checks be treated as an estoppel or as an accord and satisfaction, we think they barred a recovery by the plaintiffs. See *Bass Dry Goods Co.* v. *Roberts Coal Co.*, 4 *Ga. App.* 520 (61 S. E. 1134), *Thrower* v. *Davis,* 37 *Ga. App.* 790 (142 S. E. 177), *Hart* v. *Little,* 39 *Ga. App.* 106 (146 S. E. 338), *Hooker-Bassett Furniture Co.* v. *Georgia Hardwood Lumber Co.,* 53 *Ga. App.* 175 (184 S. E. 910), *Scott Company* v. *Crain,* 55 *Ga. App.* 514 (190 S. E. 629), and *Mason* v. *Foster,* 62 *Ga. App.* 104 (8 S. E. 2d, 180).

Since the motion for new trial was based solely on the general grounds and on one special ground complaining of the directed verdict, it was not error to overrule the motion.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*