## 35053. DUFFEE-FREEMAN, INC., v. KNUDSEN.

NICHOLS, J. 1. A landlord, who retains control, supervision, and possession of a stairway used in common by tenants and their invitees to reach the premises leased, is liable to an invitee of a tenant for injuries sustained when the invitee put a loosely fastened handrail on the stairway to its intended use by grasping it to support himself, and the handrail gave way, and where the defective condition of the handrail was not apparent to the tenant's invitee but could have been discovered by the landlord, in the exercise of ordinary care, by placing a hand upon the railing to test it at any time during the week before it gave way. *Marr* v. *Dieter*, 27 *Ga. App.* 711 (109 S. E. 532); *Mattox* v. *Lambright*, 31 *Ga. App.* 441 (120 S. E. 685); *Crossgrove* v. *A. C. L. R. Co.*, 30 *Ga. App.* 462 (118 S. E. 694); *Rothschild* v. *First Nat. Bank of Atlanta*, 54 *Ga. App.* 486 (188 S. E. 301); *Rothberg* v. *Bradley*, 85 *Ga. App.* 477 (69 S. E. 2d 293). The cases of *McCrory Stores Corp.* v. *Ahern*, 65 *Ga. App.* 334 (15 S. E. 2d 797), *McCarthy* v. *Hiers*, 81 *Ga. App.* 363 (59 S. E. 2d 22), and *Howerdd* v. *Whitaker*, 87 *Ga. App.* 850 (75 S. E. 2d 572), cited and relied upon by the plaintiff in error, are not in point.

2. Whether the plaintiff invitee was negligent in stopping on the stairs to remove a coathanger from the leg of his trousers and in placing his hand upon the defective railing to stabilize himself, and so caused his own injuries, are questions to be passed upon by a jury.

3. The court did not err in overruling a general demurrer to a petition setting out the foregoing facts.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

DECIDED MAY 7, 1954.

*Marvin G. Russell, Turner Paschall,* for plaintiff in error.
*Johnson, Hatcher & Meyerson, Stanley P. Meyerson,* contra.