## 37427. BANK OF GEORGIA *v.* AIKEN.

Decided December 2, 1958—Rehearing denied December 16, 1958.

784

*Houston White*, for plaintiff in error.

*Clifford Oxford, Marie Leachman, Thomas M. Stubbs, Jr.,* contra.

FELTON, Chief Judge. The crux of the case is whether the motion for a directed verdict and consequently the motion for judgment notwithstanding the verdict went to the whole case or only to a certain issue of the case. The defendant in error contends that the directed verdict and the motion went to the case as a whole on all issues and that therefore the motion should have been accompanied by a brief of all the evidence heard in the case excluding the immaterial parts thereof. The plaintiff in error, however, contends that the motion for a directed verdict and consequently the motion for judgment notwithstanding the verdict went only to his defense that the plaintiff had not filed a proper stay setting up his discharge in bankruptcy in the Civil Court of Fulton County and that, since his motion for a directed verdict and his motion for judgment notwithstanding the verdict were so restricted, only a brief of the evidence pertaining to that singular defense was required in consideration of the motion for judgment notwithstanding the verdict.

A party may move for a directed verdict restricted to a certain issue in the case which he feels will finally dispose of the case in his favor and, if that motion is denied and an adverse verdict is rendered, he may then move for a judgment notwithstanding the verdict in accordance with his motion for a directed verdict. In the instant case we feel that the defendant did just that. The defendant contended that the case could be determined on the sole issue of whether the plaintiff was precluded in this action by his failure to file a stay in the Civil Court of Fulton County based on his discharge in bankruptcy. Standing

alone the last paragraph of the plaintiff's motion for a directed verdict might be construed as a motion going to all issues in the case and therefore, in a motion for a judgment notwithstanding the verdict, a brief of all the material evidence in the case was required. However, we think the motion when considered in toto shows that the plaintiff moved only for a directed verdict on the grounds that a stay had not been filed as required by law and that, therefore, the plaintiff is precluded from prosecuting this action. The plaintiff moved, "I move for a directed verdict on both counts, count 1 and count 2, on the ground that the evidence and stipulations show on their face that no motion for a stay, no pleadings, no suggestion of record of any discharge in bankruptcy was made in the Civil Court of Fulton County as against any one of the three judgments; I am going to call you the numbers off, 332483, 332484 and 333820, or executions issued thereupon either in the execution proceedings or in the suits themselves or as against the judgments, and for that reason, since it appears without dispute that what we did, we did at a time when the discharge had not been pleaded in the proper court, then they cannot sue as for damages for failing to honor a check where we exercise rights under our note which we had a right to exercise." We think that, in view of this portion of the motion, when the plaintiff asked for a directed verdict on the whole case and designated his motion as a general motion for a directed verdict, it only meant that he was asking for a directed verdict as to both counts on the single issue of a stay's not having been filed in the proper court and as allegedly required by law. Therefore, the defendant's subsequent motion for a judgment notwithstanding the verdict was in accordance with the motion for a directed verdict. While the defendant filed a brief of evidence with his motion for a judgment notwithstanding the verdict, under the record a brief was not necessary. The defendant's motion alleged that it was entitled to a verdict in view of the pleadings and stipulations made by the parties. In its answer the defendant alleged that no stay or other pleadings relating to his discharge in bankruptcy was filed in any of the three cases. By stipulation at a pre-trial conference the plaintiff admitted the truth of these allegations and the stipulation

was made a part of the record in the case. This stipulation became binding between the parties as it was not modified by any subsequent order of the court, and the course of action on the trial of the case on that issue was governed and controlled by the stipulation. See Code (Ann.) § 81-1014. Since the sole issue presented by the motion for a directed verdict and the subsequent motion for a judgment notwithstanding the verdict could be decided under the record by a consideration of the pleadings and the stipulations, a brief of evidence was not necessary. The defendant should not have filed a brief of evidence with his motion but should have stated in that motion that a brief was unnecessary because the question presented by such motion could be decided under the record of the case. See Code (Ann.) § 70-301.1. However, the failure to incorporate such a statement in his motion and his attaching a brief of evidence to the motion would not work a dismissal of the motion because the motion was predicated on the grounds that the record itself was all that was necessary to a consideration of the motion.

The judge did not rule on the merits of the motion for a judgment notwithstanding the verdict but dismissed the motion on the ground that it was not accompanied by a proper brief of evidence. This judgment of dismissal is reversed with directions that the trial judge consider the motion under the pleadings and stipulations made a part of the record and rule on the merits of the motion.

*Judgment reversed with direction. Quillian and Nichols, JJ., concur.*