37563, 37564.   KNUDSEN *v.* DUFFEE-FREEMAN, INC.; and *vice versa.*

Decided April 29, 1959—Rehearing denied May 11, 1959.

*Johnson, Hatcher, Meyerson & Irvin, Henry M. Hatcher, Jr., Stanley B. Meyerson,* for plaintiff in error.

*Marvin G. Russell, Turner Paschal, Welborn B. Cody, Harry J. Mehre,* contra.

Carlisle, Judge. Kenneth Knudsen sued Duffee-Freeman, Inc., for damages for personal injuries allegedly sustained by him in a fall on the stairway of a building owned and maintained by the defendant. The substantial allegations of the plaintiff's petition are set forth in *Duffee-Freeman, Inc.* v. *Knudsen,* 90 *Ga. App.* 111 (82 S. E. 2d 44), and will not be repeated here. On the trial of the case and at the conclusion of all the evidence, the trial court directed a verdict for the defendant "on the sole ground that the evidence affirmatively showed that the plaintiff was not an invitee and that there was no evidence showing actual knowledge of the defendant of any alleged defect" in the premises. Thereafter, the plaintiff made a motion for a new trial on the usual general grounds which he thereafter amended by expressly waiving the original general grounds and by adding

or substituting in lieu thereof a special ground of the motion complaining of the direction of the verdict and contending therein that there was evidence which would have authorized a verdict for the plaintiff. The court overruled that motion, and the error assigned in the main bill of exceptions is to that judgment. The defendant made a motion to dismiss the motion for new trial on the ground that there was no regular and duly approved brief of the evidence in the case as required by law, which motion the trial court overruled and in a cross-bill of exceptions error is assigned on that judgment. The defendant has also moved to dismiss the writ of error on the main bill of exceptions on the ground that, the assignment of error in that bill of exceptions being to the overruling of the motion for new trial on all the grounds in the original and amended motion, a full brief of the evidence adduced at the trial of the case is indispensable; that the record discloses that only a partial brief of the evidence was filed in the court below and, therefore, there was no valid motion for new trial in the lower court on which the main bill of exceptions can be predicated.

■ The questions presented for decision by the cross-bill of exceptions and by the motion to dismiss the writ of error on the main bill of exceptions are substantially the same and will be decided together. The brief of the evidence in this case was approved by the court in the following language: "The foregoing brief of evidence consisting of 134 pages of testimony and five photographs is hereby approved as a true and complete brief of all the evidence adduced upon a trial of the foregoing case material to a consideration and decision upon all issues before the court on the plaintiff's motion for a new trial, a verdict having been directed by the court in favor of the defendant at the conclusion of all the evidence in the case *on the sole ground that the evidence affirmatively showed that the plaintiff was not an invitee,* and that there was no evidence showing actual knowledge of the defendant of any alleged defect in the defendant's premises of which the plaintiff complained, and *all further evidence in the case having dealt solely with other matters* not material to the verdict directed and to the sole issue of an invitee or licensee raised by this motion."

Where the court in approving the brief of evidence states that no brief of evidence is needed under Code (Ann.) § 70-301.1, or that the brief of evidence as prepared is complete as to the sole issue raised by the motion for new trial, such statement in the certificate must be taken as prima facie true. This court will accept it as such if it is not contested. If either party desires to contest and disprove the statement in the certificate, the plaintiff in error may do so by mandamus to compel the trial court to specify the remainder of the evidence, and if the defendant in error desires to contest it he may do so by cross-bill of exceptions *in which he brings up that portion of the evidence* not specified by the plaintiff in error or the trial court, thereby leaving to the decision of this court whether such part of the brief of evidence is essential or not. See *Gulick* v. *Mulcahy*, 95 *Ga. App.* 158 (97 S. E. 2d 362), adopting the language of the special concurrence in *Stevens* v. *Wright Contracting Co.*, 92 *Ga. App.* 373, 385 (88 S. E. 2d 511). Where a motion for a directed verdict is made based on a single issue in the case, only that part of the evidence relating to such issue is properly includible in the brief of evidence, and it is error for the trial court to refuse to approve the brief of evidence which contains all of the evidence relating to such issue on the ground that it is not a brief of all the evidence in the case. *Bank of Georgia* v. *Aiken*, 98 *Ga. App.* 782 (106 S. E. 2d 817). Prima facie, the brief of evidence as approved by the trial court here is correct and complete on the only issue upon which the trial court directed the verdict, which action is the only one before this court on appeal, and it would have been error for the trial court, over the objection of the plaintiff in error, to compel him to bring up the entire brief of evidence relating to other and irrelevant issues. If the defendant in error desires to dispute the prima facie correctness of the bill of exceptions, he may have his remedy by bringing up in the cross-bill of exceptions the remainder of the evidence which he contends is necessary to a decision in the case, so that this court may determine the matter. This, however, was not done in this case, and it follows that there is no merit in the assignment of error contained in the cross-bill of exceptions.

Failure to brief or include all the evidence in the brief of evi-

524

dence is not ground for dismissal of the writ of error but will require merely an affirmance of the judgment insofar as a consideration of the evidence is necessary to a decision of the case. *Rogers* v. *Sword,* 19 *Ga. App.* 494 (91 S .E. 784) ; *Augusta-Aiken Ry. &c. Corp.* v. *Andrews,* 20 *Ga. App.* 789 (1) (93 S. E. 543) ; *Hall* v. *M. D. & S. R. Co.,* 75 *Ga. App.* 460 (43 S. E. 2d 582) ; *Martin, Ginter & Powers* v. *Liberty County Bd. of Ed.,* 75 *Ga. App.* 749 (1) (44 S. E. 2d 462).

■ With respect to the issues raised by the main bill of exceptions, specifically the assignment of error on the ruling of the trial court directing the verdict solely on the ground that the evidence showed that the plaintiff was not an invitee on the premises of the defendant, the evidence showed that the premises whereon the plaintiff was injured consisted of a 2-story building with an entrance way to the second floor thereof located directly on the sidewalk of the public street with an entrance landing from which a stairway consisting of some 28 or 30 odd steps broken at about the half-way point by a landing some four feet wide ascended to the second floor whereon were located the offices of the defendant's tenant, G. Lloyd Preacher & Associates; that the said Preacher had rented the space some 12 years prior to the trial of the case, which was approximately five and one-half years after the occurrence complained of, and that Wilfred L. Keel, an architect, had subrented a portion of the space rented by Preacher from the time that Preacher entered into possession of the space; that Keel paid his rent to Preacher and not to the defendant; that Keel maintained prominent signs on each side of the building and on the entrance door leading off the public street and on the doorway leading into the particular office which he occupied advertising the presence of "Wilfred L. Keel, Architect," or "A. I. A., Architect" as a tenant or occupant of the building and that agents of the defendant corporation knew of Keel's presence in the building and of his occupancy of the space. It does not appear that the defendant or any of its agents ever made any objection to the presence of Keel in the building or as to his holding himself out as being a tenant or occupant by advertising his presence therein, nor does it appear that this arrangement violated any provision of any lease contract or

agreement had with Preacher, the evidence being silent as to this latter proposition. The trial court directed the verdict apparently on the theory that there was no implied invitation to persons having business with Keel to come upon the premises for that purpose, or apparently on the theory that the purpose of the plaintiff's visit with Keel was, among other things, "to discuss civil defense matters," that this was not such a lawful purpose as to render him an invitee even if Keel were a tenant of the defendant. Neither of these theories, in our opinion, is correct.

As to the latter proposition, the record before this court shows that the plaintiff and Keel both testified that the plaintiff in representing a manufacturing corporation had had prior to the day in question business dealings with Keel in assisting him and inducing him to use the products of the manufacturing corporation which the plaintiff represents, and the plaintiff testified that this business was one of the purposes of his visit with Keel on the particular occasion. While the evidence shows that Keel was an architect, he testified that he and the plaintiff had been assigned to a civil defense committee representing the Georgia Engineering Society, that Knudsen was chairman of that committee, and that he, as an architect, served on the committee and that on the particular day in question he and Knudsen had an appointment to inspect some down-town buildings to determine good areas for air raid stations. It does not appear, however, that this was not a legitimate business interest of Keel and of the defendant, and certainly it does not negative the "mutuality of interest in the subject to which the visitor's business" related. While there must be at least some mutuality of interest in the subject matter to which the visitor's business relates, it is not necessary that the particular subject of the visit be for the benefit or profit of the occupant. *Central of Ga. Ry. Co.* v. *Hunter,* 128 *Ga.* 600, 604 (58 S. E. 154); *Hall* v. *Capps,* 52 *Ga. App.* 150 (3) (182 S. E. 625). The evidence in this regard was not sufficient to bring this case within the rule applied in *Jones* v. *Asa G. Candler, Inc.,* 22 *Ga. App.* 717 (97 S. E. 112), and similar rulings.

The elements of legal liability of the owner or proprietor of premises for injuries occasioned to persons coming thereon un-

der the varying circumstances as to whether such persons be trespassers, licensees, invitees or some other class of persons recognized by law was discussed by Judge Powell in the leading case of *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607, 609 (58 S. E. 1060), et seq. While the rule has been variously stated, it may be fairly said that the duty to keep the premises safe (not reasonably safe) exists as to all persons who for any lawful purpose come upon the premises at the express or implied invitation of the owner. *Atlanta Cotton-Seed Oil Mills* v. *Coffey,* 80 *Ga.* 145, 148 (4 S. E. 759); *Hall* v. *Capps,* 52 *Ga. App.* 150 (3), supra; *Flint River Cotton Mills* v. *Colley,* 71 *Ga. App.* 288 (1) (30 S. E. 2d 426); *Rothberg* v. *Bradley,* 85 *Ga. App.* 477 (69 S. E. 2d 293). The duty arises on account of the invitation, be it express or implied, and so in this case the real question is whether under all the facts and circumstances appearing, there was any invitation, express or implied, for the plaintiff to come upon the premises owned by the defendant for any lawful purpose to transact business with Mr. Keel. It is entirely immaterial whether Keel was a tenant of the defendant or a subtenant of a tenant of the defendant if under the other facts shown the defendant impliedly invited persons having business with Keel to come upon its premises for that purpose. Under all the evidence in this case, the jury were authorized to find that the defendant knew and approved of the occupancy of its premises by Keel and permitted such occupancy to continue over a period of some years, and that the defendant permitted Keel to erect prominent signs on the face of the building and to place his name on the door at the entrance thereof and on the door of his office. Under this evidence, the jury would have been authorized to find that the use of the space by Keel was with the defendant's permission and knowledge. It is immaterial that Keel did not deal directly with the defendant. Under the ruling in *Central of Ga. Ry. Co.* v. *Hunter,* 128 *Ga.* 600, supra, a mere permissive use of the premises is sufficient to raise an implied invitation to those having business with the permitee to come upon the premises. The existence of the relation of landlord and tenant as between the owner and the person visited is not essential to the owner's liability. *Mandeville Mills* v. *Dale,*

2 *Ga. App.* 607, supra. Under these circumstances, the trial court erred in directing a verdict for the defendant on the theory that the plaintiff was not an invitee of the defendant.

*Judgment reversed on main bill of exceptions and affirmed on cross-bill. Gardner, P. J., and Townsend, J., concur.*