## PIONEER MANUFACTURING COMPANY *vs.* CALLAWAY & COMPANY.

Where a motion for a new trial was made, on the ground that the case was tried and judgment rendered against the defendant when he was absent from court by leave of the presiding judge and had a good defence, and where the judge denied that he was under leave of absence, but inasmuch as something had passed between the defendant and the judge as to leave of absence, and the latter thought that the former might have misunderstood him and have believed that he had leave of absence, and that thereby injustice might have been done him by trying the case and rendering judgment while he was absent, there was no abuse of discretion in granting a new trial.   Code, §3718.

Judgment affirmed.

November 3, 1885.

BLANDFORD, Justice.

---

## TOWNSEND *vs.* THE STATE OF GEORGIA.

Where, after a jury had been stricken by the defendant, the presiding judge stated to another defendant, who had just been tried and acquitted, that he was lucky to escape, and that he had the jury to thank for it, as the evidence showed he was clearly guilty, and that he (the judge) did not see how the jury could find such a verdict, this furnished no ground of exception on behalf of the defendant then on trial, the remark not being made to him or in his case.   73 *Ga.*, 76; 59 *Id.*, 189.

Judgment affirmed.

October 13, 1885.

BLANDFORD, Justice.

---

## SULTER *vs.* THE STATE OF GEORGIA.

[Jackson, C. J., not presiding, on account of indisposition.]

This case is controlled by the case of *Seiler vs. State*, decided to-day.

Judgment affirmed.

January 26, 1886.

BLANDFORD, Justice.