### 1389.   GARBUTT LUMBER CO. *v.* WILCOX & PARSONS.

The only question in this case is fully controlled by the decision of this court in *Bass Dry Goods Co.* v. *Roberts Coal Co.,* 4 *Ga. App.* 520 (61 S. E. 1134).

Action on contract, from city court of Abbeville—Judge Nicholson. August 20, 1908.

Submitted November 25, 1908.—Decided April 15, 1909.

*Hal Lawson,* for plaintiff in error. *Haygood & Cutts,* contra.

HILL, C. J. Wilcox & Parsons brought suit against the Garbutt Lumber Company for a balance claimed to be due on a contract. The defense filed was that there had been full settlement of all demands arising out of the contract sued on. The jury found a verdict for the full amount, with interest; and the defendant's motion for a new trial was overruled. The case made by the evidence is

substantially as follows:  There was a dispute between the parties as to the correct amount due under the contract; Wilcox & Parsons contending that the amount was $125, and the Garbutt Lumber Company insisting that it was $75.  After some correspondence between the parties on the subject, without an agreement as to the amount due, Wilcox & Parsons drew a draft on the Garbutt Lumber Company for $125, and delivered it to Wilkinson, cashier of the Citizens Bank of Abbeville, for collection.  Wilkinson notified the lumber company by letter that he held the draft for collection, and received a reply from the lumber company denying the indebtedness of $125, but stating' that it was willing to send check for $75, if this was satisfactory.  Wilkinson notified Wilcox & Parsons that the lumber company would not pay the $125, but would pay $75.  Wilcox & Parsons thereupon drew another draft through the bank on the lumber company for $75, and this draft was promptly paid.  When Parsons, a member of the firm of Wilcox & Parsons, was informed by Wilkinson that the lumber company refused to pay the draft for $125, and would pay only $75 in settlement of the matter, he (Parsons) drew the draft for $75, and said that he would "see about the balance."

We think that Wilkinson was the agent of Wilcox & Parsons, and the information that he had, that the lumber company refused to pay the $125 in settlement, was information received by them. But this is immaterial, as Parsons, a member of the firm of Wilcox & Parsons, admitted that he had actual knowledge that the lumber company denied owing the $125, and would pay only $75, in full settlement.  With this knowledge, Wilcox & Parsons drew the draft for the $75, and received and kept the money.  The dispute as to the amount due was settled, and the debt was paid in full.  If Wilcox & Parsons did not intend that the payment of the $75 by the lumber company should be in full payment of the debt, they should have refused the $75 and not have drawn the draft for this amount when it was offered by the lumber company in full settlement, and collected and retained the money.  *Bass Dry Goods Co. v. Roberts Coal Co.*, 4 *Ga. App.* 520 (61 S. E. 1134).  The verdict to the contrary was wholly unauthorized by the evidence and the law, and the judgment refusing a new trial must be  *Reversed.*