## 25984. SCOTT COMPANY INC. *v.* CRAIN.

Decided March 17, 1937.

*W. S. Northcutt, James D. Childs,* for plaintiff in error.
*Paul Ginsberg,* contra.

MacIntyre, J. Parker S. Crain brought an action against Scott Company Inc., to recover $450 alleged to be due him as commission for selling beauty supplies and beauty equipment for the defendant. The jury returned a verdict for the plaintiff for $199.34. The question for determination is whether the court erred in overruling the defendant's motion for new trial containing the general and four special grounds. The petition substantially avers that the defendant was a jobber engaged in the business of selling beauty supplies and beauty-shop equipment; that on October 19, 1935, the plaintiff and the defendant entered into a contract whereby the defendant agreed "to pay petitioner for his services as salesman . . . fifteen per cent. of the gross sales made in his territory, whether made by him, the house, or mail orders;" that the petitioner is entitled to fifteen per cent. commissions on the following sales: Mrs. Spires, sale $365, commission due $54.75; W. A. Kinney, sale approximately $1400, commission due $210; J. B. Hall, sale $100, trade-in $40, commission due on $60, $9; that plaintiff received five per cent. commission on the following sales, and is due an additional ten per cent. thereon: Ethel B. Davis, sale $500, commission due $50; Mrs. Turner, sale $1270.55, commission due $127.05 (the commissions set out aggregating $450.80, the sum the plaintiff sought to recover). The defendant pleaded that it was not indebted to the plaintiff in any amount, and asked for a judgment of $39.64, alleged to be due and owing to it for money paid out for the plaintiff at his instance and request, and for telephone calls paid by the defendant for the plaintiff. The defendant further pleaded that "the sale made by the defendant to W. A. Kinney . . was not made until after plaintiff had ceased to represent defendant, nor until after plaintiff had given his aid . . to a competitor . . in seeking to deprive defendant of said sale," and that "plaintiff rendered no aid whatever in making said sale, but on the other hand said sale was made by defendant despite the efforts of plaintiff to prevent such sale." By amendment the defendant further pleaded that on October 19, 1935, the plaintiff, who had been working for the defendant on a salary basis, contracted with the defendant "to work on a strictly commission basis," the contract being that "plaintiff was to receive on all net sales made in his territory fifteen per cent. of the gross amount of such net sales

where there was no discount allowed on such sales," the "net sales" to be "determined by deducting the amount allowed for equipment traded in for new merchandise or equipment from the gross-sales price of the merchandise or equipment sold by plaintiff, and on the equipment traded in to defendant, plaintiff was not to be paid any commission;" and on deals "where the defendant thought it advisable to allow a discount, one half of such discount was to be borne by the plaintiff and one half by the defendant," and "all long-distance telephone calls made by the plaintiff were to be paid for by him." The defendant further pleaded that "under the terms of the agreement with plaintiff, as aforesaid, he [plaintiff] has been given credit of ten per cent." on the sale to Mrs. Spires, and "is not entitled to further compensation, because a discount of ten per cent. was allowed to said purchaser;" that "the plaintiff has been given credit on advances made to him of fifteen per cent. of the $60 net sale to J. B. Hall;" that "a discount of twenty per cent. was allowed to Mrs. Ethel B. Davis . . , and . . a discount of fifteen per cent. . . to Mrs. Clifford Turner;" and that, pursuant to the terms of the agreement . . above set out, "plaintiff was paid a five per cent. commission on the Davis transaction and a commission of seven and one half per cent. on the Turner transaction, which commissions were accepted by plaintiff as the entire amounts due him on said transactions."

Error is assigned, because the court failed, without request, to charge the jury the law of accord and satisfaction. It appears from this ground (and from the amendment to the defendant's answer) that the defendant pleaded: "Pursuant to the terms of the agreement between plaintiff and defendant, as above set forth, plaintiff was paid a five per cent. commission on the Davis transaction, and a commission of seven and one half per cent. on the Turner transaction, *which commissions were accepted by plaintiff as the entire amounts due on said transactions.*" (Italics ours.) Here evidence was set out, tending to support this plea. The commissions claimed by the plaintiff on these two transactions totaled $177.05. Our view is that an accord and satisfaction was pleaded as to a very material part of the amount the plaintiff sought to recover, and that there was evidence which made accord and satisfaction an issue. Therefore we hold that it was

reversible error for the court to fail, even without request, to charge the jury on the law applicable to that defense. "It is the settled general rule that a trial judge, whether requested in writing or not, should give to the jury appropriate instructions on every substantial, vital, and controlling issue presented by the pleadings and the evidence." *Rome Railway & Light Co.* v. *King,* 33 *Ga. App.* 383, 384 (126 S. E. 294), and cit. "Where the judge gives in charge substantially the law covering the case, if more specific instructions on any point are desired, they should be asked; but the law of the case must be given to the jury to the extent of covering the substantial issues made by the evidence, whether requested or not, or whether the attention of the court be called thereto or not; otherwise the verdict will be set aside." *Mobley* v. *Merchants & Planters Bank,* 157 *Ga.* 658 (122 S. E. 233), quoting *Central Railroad* v. *Harris,* 76 *Ga.* 501, and citing *Savannah Electric Co.* v. *Jackson,* 132 *Ga.* 559 (2) (64 S. E. 680), and *City of Atlanta* v. *Blackman Health Resort,* 153 *Ga.* 499 (4), 505 (113 S. E. 545). To the same effect is the ruling in *Rice* v. *Harris,* 52 *Ga. App.* 42, 44 (182 S. E. 404), where numerous authorities are cited. Before concluding this division we quote as follows from *Ryan* v. *Progressive Retailer Publishing Co.,* 16 *Ga. App.* 83 (84 S. E. 834): "Where the amount of a debt is unliquidated or disputed, and the debtor tenders his check for a less amount, containing the statement that it is 'in full of all demands against' the maker, and the creditor accepts the check, indorses it, and collects and retains the money, there is a valid accord and satisfaction, although the creditor, at the time of receiving the check, protests to the debtor that he does not accept it in full payment, but accepts it 'only as a credit on account.'" Upon the question of accord and satisfaction, see also *Redmond* v. *A. & B. Air-line Ry.,* 129 *Ga.* 133 (58 S. E. 874); *Bass Dry Goods Co.* v. *Roberts Coal Co.,* 4 *Ga. App.* 520 (61 S. E. 1134); *Garbutt Lumber Co.* v. *Wilcox,* 6 *Ga. App.* 52 (64 S. E. 291); *Hart* v. *Little,* 39 *Ga. App.* 106 (146 S. E. 338).

Error is assigned, as it was in the preceding ground, because the court erred in failing to charge on the law of accord and satisfaction as to the sales to Mrs. Clifford Turner and Mrs. Ethel Davis; and because an excerpt from the court's charge set out in this ground precluded the jury from considering the defense

518

of accord and satisfaction. We think that the first assignment of error in this ground is good, and shows cause for the reversal of the judgment. Since, if the case is tried again and accord and satisfaction is charged, the question presented by the second assignment of error will in all probability not arise again, we do not deem it necessary to pass on it at this time. Grounds 3 and 4, complaining of questions that probably will not arise on another trial, demand no special consideration; and the reversal is solely for the reasons stated as to special grounds 1 and 2.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*