28299. BONNER *v.* THE STATE.

DECIDED NOVEMBER 1, 1940.

*W. O. Cooper Jr.,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

Broyles, C. J.  The accused was convicted, on April 23, 1938, of the offense of assault with intent to rape.  The verdict failed to name any maximum or minimum sentence, and the court pronounced a sentence of nine years, minimum and maximum.  A motion for new trial was overruled on July 20, 1938, and that judgment was affirmed by this court.  *Bonner* v. *State,* 59 *Ga. App.* 737 (1 S. E. 2d, 768).  When the remittitur from this court was received by the clerk of the trial court, the accused, during the July, 1939, term of that court, filed a motion to set aside the verdict and judgment, on the ground that the verdict was a nullity because it failed to name any maximum or minimum sentence as required by law; and that the judgment, being based on a void verdict, was likewise a nullity.  Upon a hearing the court sustained an oral motion to dismiss the motion to set aside the verdict and judgment, and to the judgment of dismissal the accused excepted. It is well settled that the general rule is that the verdict of a jury and the judgment based thereon can not be set aside on a motion filed for that purpose, except for non-amendable defects appearing on the face of the record.  *Tietjen* v. *Merchants Bank,* 117 *Ga.* 501 (42 S. E. 730).  Exceptions to the rule are where the verdict was obtained by perjury (Code, § 110-706), or by fraud, accident, or mistake (*Ford* v. *Clark,* 129 *Ga.* 292, 58 S. E. 818); but the instant case comes within the general rule.  It is likewise well settled that the record in a criminal case consists of the indictment, the plea, the verdict of the jury, and the sentence of the court. *Pippin* v. *State,* 172 *Ga.* 224 (157 S. E. 185).  The motion to set aside the verdict and judgment is based upon the contention that the offense of which the movant was convicted was committed on a date when the indeterminate-sentence act of August 18, 1919, was in effect, and before the act of February 16, 1938, was passed. Under the act of 1919, only the jury had the power to impose sentences in felony cases, and this power was restored to the judges by the act of 1938.  It is true that the indictment in this case charged that the accused committed the offense on October 19, 1934.  However, the State was not obligated to prove that the offense was committed on that date, since proof that it was perpetrated on any date within the statute of limitations would be sufficient to support the verdict.  Therefore, on the hearing of the motion to set aside the verdict and judgment, the burden was on the movant to show that

466

the State failed to *prove* that the offense was committed after the passage of the act of February 16, 1938, and the decision of that question necessarily requires a consideration of the evidence adduced upon the trial; and since the brief of evidence is not a part of the record in a criminal case and can not be considered on the hearing of a motion to set aside a verdict and judgment, the court did not err in dismissing the motion.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*