35518. ROBINSON *v.* MODERN COACH CORPORATION.
35517. BIVINS *v.* MODERN COACH CORPORATION.

TOWNSEND, J. 1. An oral motion to dismiss in the nature of a general demurrer should be overruled if the alleged facts entitle the plaintiff to any of the substantial relief prayed for therein. *Sweat* v. *Arline*, 186 *Ga.* 460 (197 S. E. 893); *Douglas, A. & G. Ry. Co.* v. *Swindle*, 2 *Ga. App.* 550 (59 S. E. 600).

2. While the verdict of a jury and judgment based thereon cannot be set aside on motion except for non-amendable defects appearing on the face of the record, or on a showing that the verdict was obtained by

perjury, fraud, accident, or mistake (*Bonner* v. *State*, 63 *Ga. App.* 464, 11 S. E. 2d 431), yet the pleading here, denominated a motion to set aside a verdict and judgment, which complains that the verdict and judgment are contrary to the principles of justice and equity, which sets out facts in support of this contention, and which is supported by a brief of evidence and a prayer that a new trial be granted, is in substance the equivalent of a motion for new trial and may be treated as such. *Bell* v. *Bell*, 206 *Ga.* 194, 196 (56 S. E. 2d 289). See also *Wrenn* v. *Allen*, 180 *Ga.* 613 (2) (180 S. E. 104); *Ayer* v. *James*, 120 *Ga.* 578 (2) (48 S. E. 154).

3. Under Code § 6-1608, the first grant of a new trial will not be disturbed unless it appears that the judge abused his discretion in granting it, and that the law and the facts require the verdict notwithstanding the judgment of the presiding judge. Where a verdict is for unliquidated damages, it is not error to grant a new trial even though a verdict for the plaintiff in some amount may be demanded (*Savage* v. *Atlantic Coast Line R. Co.*, 16 *Ga. App.* 537, 85 S. E. 675), since the facts do not require the verdict in the amount rendered. Further, under Code § 70-208, the court may exercise a sound legal discretion in granting or refusing motions for new trial according to the provisions of the common law and practice of the courts. Where it appears from the motion for new trial, brought under this section, that the defendant, without fault or lack of diligence on the part of himself or his counsel, has been precluded from trying his case on its merits in such manner that substantial injustice may have been done to him, it is not an abuse of discretion to grant the original motion for new trial. See *Pioneer Mfg. Co.* v. *Callaway & Co.*, 76 *Ga.* 105; *Cleveland Nat. Bank* v. *Reynolds*, 76 *Ga.* 834.

The pleading here, considered as a motion for a new trial, sets up facts from which it appears that the defendant's lack of knowledge of the proceedings was through no fault of its own; that it had no knowledge of the proceedings; that the person upon whom service was made had no authority from it to accept service of process; that the defendant had a meritorious defense which would, upon another trial of the case, lead to a contrary result; and that, after being informed of the judgment against it, it immediately used all diligence possible to bring the true facts before the court. The motion, therefore, appears on its face to present such a state of facts that the first grant of a new trial on the part of the judge would not constitute an abuse of discretion. This being so, it was not subject to an oral motion to strike in the nature of a general demurrer, and the trial court did not err in overruling the latter and in considering the motion on its merits.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided January 27, 1955.

*Claud N. Morris*, for plaintiffs in error.
*James S. Wilson, Jr., H. B. Williams*, contra.

