36895. HOSPITAL AUTHORITY OF THE CITY OF
AUGUSTA *v.* BOYD *et al.*

Decided November 8, 1957—Rehearing denied
November 20, 1957.

706

*Fulcher, Fulcher, Hagler & Harper,* for plaintiff in error.
*Isaac S. Peebles, Jr., John F. Hardin,* contra.

QUILLIAN, J. In this opinion the plaintiff in error will be referred to as the plaintiff and the defendants in error as the defendants, the parties having occupied that respective relationship in the trial court.

1. The question raised by the plaintiff's exception to the judgment sustaining the defendant's, Dora Boyd's, general demurrer and dismissing the case as to her is whether the petition set forth a cause of action against the demurring defendant.

The action against all of the defendants was instituted under the hospital lien act of 1946, now codified in Code (Ann.) §§ 67-2207—67-2213.

For the sake of continuity it is necessary to quote some of the provisions of the statutes. Code (Ann.) § 67-2207: "Any person, firm, hospital authority, or corporation operating a hospital in this State shall have a lien for the reasonable charges for hospital care and treatment of an injured person who enters such hospital within one week after receiving such injuries, upon any and all causes of action accruing to the person to whom such care was furnished, or to the legal representative of such person, on account of injuries giving rise to such causes of action and which necessitated such hospital care, subject, however, to any

attorney's lien. (Acts 1953, Nov. Sess., p. 105)." Code (Ann.) § 67-2208: "In order to perfect such lien, the operator of such hospital, before or within 10 days after, such person shall have been discharged therefrom, shall file in the office of the clerk of the superior court of the county in which such hospital shall be located and in the county wherein the patient resides, if a resident of this State, a verified statement setting forth the name and address of such patient, as it shall appear on the records of such hospital, the name and location of such hospital and the name and address of the operator thereof, the dates of admission and discharge of such patient therefrom, the amount claimed due for such hospital care, and, to the best of the claimant's knowledge, the names and addresses of all persons, firms or corporations claimed by such injured person, or the legal representative of such person, to be liable for damages arising from such injuries; such claimant shall also, within one day after the filing of such claim or lien, mail a copy thereof to any person, firm or corporation so claimed to be liable for such damages to the address as given in such statement. The filing of such claim or lien shall be notice thereof to all persons, firms or corporations liable for such damages whether or not they are named in such claim or lien. (Acts 1953, Nov. Sess., pp. 105, 106)." A part of Code (Ann.) § 67-2210 reads: "No release of such cause or causes of action or of any judgment thereon, or any covenant not to sue thereon, shall be valid or effectual as against such lien unless the holder thereof shall join therein or execute a release of such lien, and the claimant, or assignee of such lien, may enforce said lien by an action against the person, firm, or corporation liable for such damages. If the claimant shall prevail in such action, the court may allow reasonable attorney's fees."

The petition failed to allege a cause arising under the hospital lien law against the defendant, Dora Boyd, for the reason that the statute referred to gives no right of action against the patient to whom hospitalization is furnished, but only against those liable to pay the patient damages. The right created is analogous to the remedy provided by the garnishment laws.

A petition that sets forth a cause of action for relief that may be granted under the prayers of the petition is not subject to general demurrer. *Roughton* v. *Thiele Kaolin Co.*, 209 *Ga.* 577,

579 (74 S. E. 2d 844); *Robinson* v. *Modern Coach Corp.,* 91 *Ga. App.* 440 (1) (85 S. E. 2d 826).

Some of the allegations of the petition would have been appropriate in laying a case on quantum meruit against Dora Boyd, but the relief prayed was against all of the defendants and could only be granted in a suit brought under the hospital lien act. No cause was alleged against Dora Boyd and the case was properly dismissed as to her.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*