**Kelly MOSS, Appellant,**

v.

**William L. JONES, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

Oct. 27, 1961.

Rehearing Denied Jan. 26, 1962.

Kelly Moss, pro se.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

This is an appeal from an order dismissing the petition of Kelly Moss for a writ of habeas corpus. A previous petition has been denied. Moss v. Jones, Ky., 342 S.W. 2d 522. The judgment sentencing Moss to death has been affirmed, and a petition for rehearing has been denied. Moss v. Commonwealth, Ky., 332 S.W.2d 650, certiorari denied 364 U.S. 846, 81 S.Ct. 88, 5 L.Ed.2d 70.

Moss now complains that he was severely ·burned when penitentiary officials and guards shot gas into his cell. He contends that his life has been placed in jeopardy twice in violation of United States Constitution, Amendment V and Kentucky Constitution, § 13, and that he has been subjected to cruel and unusual punishment in violation of United States Constitution, Amendment VIII and Kentucky Constitution, § 17. He argues that his exposure to the gas while in the death cell awaiting execution by electrocution constituted double jeopardy and cruel punishment.

The doctrine of double jeopardy is to the effect that a person shall not twice be put in jeopardy of life and liberty for the same offense. The word "jeopardy" is used to designate the danger of conviction and punishment which an accused may incur in a criminal action. In plain language, the doctrine is that a person may not be tried or prosecuted the second time for the same offense. 22 C.J.S., Criminal Law, § 238, page 614. Likewise, the constitutional prohibitions, both federal and state, against ·cruel and unusual punishment are addressed ·to the exercise of criminal jurisdiction in the courts. 24 C.J.S., Criminal Law, §· 1978a, page 1186.

The exposure to gas did not constitute such jeopardy as is embraced by the constitutional protections. The record does. not indicate that it was used as a punishment, but in any event, it does not fall within the constitutional prohibitions. Obviously, the jeopardy and punishment objections of appellant's are not and cannot now· be raised as to the death sentence.

For the reasons stated in the previous habeas corpus proceeding, appellant has. again shown no right to such relief.

Judgment affirmed.

PALMORE, J., not sitting.