44116—44122. HILL v. THE STATE (seven cases).

WHITMAN, Judge. True bills were returned against the appellant for burglary (one count), possession of burglary tools (one count), shooting at another (five counts), carrying a pistol without a license (one count), and carrying a concealed weapon (one count). A trial was had determining all the cases simultaneously and adversely to defendant. Separate verdicts were returned and separate judgments of conviction and sentence were entered. Cases 44116 through 44120 constitute the defendant's appeals therefrom.

The enumeration of errors in each of these cases (44116-44120) is identical and is as follows: "1. The court erred in denying trial by impartial jury. 2. The court erred in not protecting defendant from cruel and unusual punishment. 3. The court erred in denying to defendant witnesses in his behalf. 4. The court erred in denying the right to privacy with defendant's attorney. 5. The court erred in denying defendant trial by an impartial judge. 6. The court erred in denying defendant's petition for change of venue. 7. The court erred by imposing illegal sentences. 8. Evidence did not support verdict."

The appeal and enumeration of errors in cases 44121 and 44122 raise the same questions presented by enumerations 5 and 6, respectively, in cases 44116—44120 (see above.) *Held:*

1. The motion to dismiss the appeals is without merit.

2. With regard to enumerations 1 and 6, it is contended that there was massive adverse and untrue publicity which purposely emanated from the office of the solicitor general and other officials; that such publicity was widely disseminated by newspapers, television and radio throughout the entire Chattahoochee Judicial Circuit prior to the trial to the extent that public opinion was swayed against defendant making the selection of an impartial jury impossible. Consequently, it is argued, it was error to deny defendant's petition for change of venue and the jury that resulted was not impartial.

With regard to enumeration 5, it is contended that the trial judge should have disqualified himself because of his having prosecuted cases against defendant in his previous capacity as solicitor general.

All of these enumerations relate to matters about which rulings were invoked after hearings at which evidence was presented. However, there is no transcript of such evidence, nor an agreed brief of such evidence in any of the records before us. We cannot pass upon questions requiring a review of evidence which we do not have before us. *Crown v. State,* 223 Ga. 540 (2) (156 SE2d 454); *Smith v. Smith,* 223 Ga. 795 (2) (158 SE2d 679); *Davis v. State,* 117 Ga. App. 359 (160 SE2d 670). We must therefore assume that the determination of the trial court was authorized by the evidence. *Graham v. Haley,* 224 Ga. 498, 500 (162 SE2d 346).

3. In respect of the second enumeration, that the trial court erred by not protecting defendant from cruel and unusual punishment, it is argued: "Buck Daniel Hill was confined in jail cell without a bath for a period exceeding twenty-four (24) hours, although he was exposed to tear gas for four (4) hours. When he attempted to wet clothing, they were taken from him. He was then paraded around police headquarters in his underwear. He was still clothed only in his underwear when questioned by officials and when attorney arrived to discuss being retained for counsel.

"He was fired at by what was later identified as a police officer without warning of any kind although he was neither run-

ning nor attacking officer knowing that police are not allowed to fire warning shots. I charge that an unjustifiable attempt was made upon my life.

"Buck Daniel Hill was denied medical examination and or treatment although he was in severe pain and demanded to see a doctor during his entire stay in the Columbus city jail.

"That at time of arrest, Buck Daniel Hill was under care of doctor and had at home prescription medicine, Milltown tranquilizers, which was denied to him in city jail even though he was suffering as well as physical pain a very extreme mental anguish and severe anxiety as well as tear gas burns."

Defendant is here contending that he was maltreated or abused and, therefore, that he was subjected to cruel and unusual punishment in violation of the State and Federal constitutional provisions prohibiting cruel and unusual punishment. If the alleged maltreatment occurred, it took place prior to the time of the trial and constituted no part of the sentences imposed as the result of the trial. It did not constitute cruel and unusual punishment prohibited by the constitutional provisions. These provisions have relation to punishment imposed by sentences on conviction for criminal offenses. See *Loeb v. Jennings*, 133 Ga. 796 (67 SE 101, 18 AC 376), affirmed 219 U. S. 582. See generally Words & Phrases, Permanent Edition, Volume 10-A, Title Cruel and Unusual Punishment. See also Moss v. Jones (Ky.) 352 SW2d 557, certiorari denied 369 U. S. 808 (7 LE2d 611); Skinner v. State, 189 Okl. 235 (115 P2d 123).

It has not been contended that any confession or other evidence was extracted because of the alleged treatment. 22 CJS 192, Criminal Law, § 53. The defendant's remedy in such a case is a civil action against those directly responsible. Assuming that the alleged maltreatment took place, it is no defense to the crimes with which defendant was charged.

4. In connection with defendant's contention that the trial court erred in denying him witnesses in his behalf, it is argued that defendant requested psychiatric consultation and examination, and that all such requests were denied, thereby denying the defendant the benefit of witnesses in his behalf.

"There is no statute of force in this State which requires the judge on application therefor to have one accused of crime mentally examined." *Roach v. State*, 221 Ga. 783 (1) (147 SE2d 299), certiorari denied 385 U. S. 935. Cf. *Roach v.*

*State,* 111 Ga. App. 114 (140 SE2d 919); *Moore v. State,* 113 Ga. App. 738 (149 SE2d 492). Furthermore, as in the *Roach* case, the transcript of proceedings does not show that defendant raised any question respecting his mental condition at the trial.

5. It is contended that the court erred in denying the right to privacy with defendant's attorney; that defendant was forced to confer with his attorney in a conference room containing a two-way speaker-intercom system.

An accused has the right to private consultation with his attorney. *Fowler v. Grimes,* 198 Ga. 84 (31 SE2d 174). But defendant makes only an inference that this right was violated. The record shows no requests made of the trial court in this regard and no denials. As far as appears from the record, the matter is being raised for the first time on this appeal and cannot be considered. *Velkey v. Grimes,* 214 Ga. 420 (105 SE2d 224).

6. The seventh enumeration of error is that the court erred by imposing illegal sentences. Defendant contends that certain of the sentences he received in the present cases were pronounced so as to run consecutively to two prior life sentences received in 1961 which are being served concurrently; that the sentences received in the present cases "are illegal in law, impossible in fact and ambiguous on their face"; and that the sentences are, in effect, imposed on a "dead body."

In the judicial realm we are not concerned with theological doctrine or with different views as to the state of the dead. And however variant may be our views of the relation of religion to government, we venture the assertion that all are agreed that the principle of separation of church and state guaranteed by the First Amendment to the Federal Constitution could not extend beyond the grave any punishment imposed by sentence of courts for whatever term of years. Any attempt to do so, of course, would not be effective beyond the limit of the defendant's earthly span of existence. This does not mean that the effectiveness and extent of such a sentence as to actual service pursuant thereto is to be or can be determined on the present appeal. These questions are rather to be determined if and when during the lifetime of the prisoner it is sought to enforce such sentence at or after the time of any pardon, commutation or parole of the pre-existing life sentence. In this connection see U. S.

v. Ragen, 146 F2d 349, and People v. Pace, 362 Ill. 224 (198 NE 319). "Sufficient unto the day is the evil thereof." Matthew 6:34.

If the service of the pre-existing sentence of life imprisonment should not be shortened by pardon, commutation or parole, then the defendant cannot be harmed by any sentence to follow life imprisonment or complain thereof. "The dead know not anything." Ecclesiastes 9:5.

Although factually different from the present case, holdings by the Supreme Court of Illinois and by Federal courts have some bearing on the question of the validity of certain sentences under consideration in this case which were imposed to follow the pre-existing term of life imprisonment being served by the defendant and, therefore, are noted here.

In U. S. v. Ragen, 146 F2d 349, supra, certiorari denied 325 U. S. 865 (89 LE 1985), it was held that a 199-year sentence for murder was authorized under Illinois law and was not "cruel and unusual punishment" within the Federal Constitution, notwithstanding that the effect of the sentence was to deprive the defendant of the privilege of parole after 20 years which a life sentence would have given him. The Illinois statute involved in that case provided in relation to punishment for murder as either death or imprisonment in the penitentiary for one's natural life or for a term of not less than 14 years. The court cited in support of its holding a number of cases decided by the Supreme Court of Illinois. In its opinion the court said: "They [the jury] probably thought petitioner's life should not be forfeited, but that he should be kept in prison as a protection to society, for such a term as would consume all the remaining days of his life. That was not cruel and inhuman punishment. In our opinion, it met the standards of justice." P. 352. See also U. S. v. Jakalski, 267 F2d 609 (CCA 7th), certiorari denied 362 U. S. 936 (4 LE2d 751) (sentence 199 years for Federal bank robbery); People v. Grant, 385 Ill. 61 (52 NE2d 261), and cases cited (sentence 199 years for murder); People v. Dixon, 400 Ill. 449 (81 NE2d 257) (sentence 199 years for rape).

The contention that the court erred by imposing illegal sentences is without merit.

7. The only remaining enumeration is that the evidence did

not support the verdicts. Our review of the transcript shows ample evidence to support each verdict.

*Judgments affirmed. Jordan, P. J., and Hall, J., concur.*

SUBMITTED JANUARY 13, 1969—DECIDED APRIL 10, 1969—
REHEARING DENIED APRIL 30, 1969.

Burglary, etc. Muscogee Superior Court. Before Judge Land.

B. D. Hill, *pro se.*

W. B. Skipworth, Jr., Solicitor General, Frank K. Martin, for appellee.