46503.   METCO PLUMBING & HEATING, INC., et al. v.
SOUTHEASTERN PLUMBING SUPPLY COMPANY.
46504.   LEE v. SOUTHEASTERN PLUMBING
SUPPLY COMPANY.

EVANS, Judge. Southeastern Plumbing Supply Company sued James W. Lee, doing business as Metco Plumbing & Heating, and also Metco Plumbing & Heating, Inc., alleging the defendants were indebted to the plaintiff in the amount of $161,097.59, a part of said debt being for materials and supplies purchased for specific use on certain construction sites on which liens had been filed and the remainder being on open account. By amendment the plaintiff set out that the defendant Lee, as president of the corporate defendant, committed fraud upon the plaintiff by wilfully and knowingly inducing the plaintiff to sell him materials premised upon the promise of having all checks from customers and owners made payable jointly to the corporate defendant and the plaintiff; and that defendant Lee failed to comply with said promise; and that he knowingly and wilfully continued to buy materials from plaintiff and continued to make promises to the plaintiff as to the joint checking arrangement, but deposited said checks in his own account without accounting to the plaintiff for the proceeds. The defendant Lee answered and denied any indebtedness or that he dealt under the name of Metco Plumbing & Heating and alleged that any transactions by him were under the name of Metco Plumbing & Heating, Inc., a duly incorporated business. The corporate defendant answered, admitting an indebtedness of less than $100,000, and alleged that it could

not make payment thereon because it had not been paid; one job had not been completed, and as soon as it collected the sums due it, it planned and expected to pay plaintiff the proceeds of the various jobs in accordance with the agreement with the plaintiff. Lee filed a separate motion for summary judgment, and both defendants filed a joint motion for summary judgment on the question of fraud contending that no question of fraud was involved. The motions were based upon the deposition on file and an affidavit attached thereto by Lee. The motions for summary judgment were thereafter denied, and the appeal is from this judgment with a certificate for immediate review by the trial judge. In both cases error is enumerated in that the court erred in failing to sustain the motions. *Held:*

The affidavit of the defendant Lee shows that there was a contract between the plaintiff and the corporate defendant whereby checks were to be jointly made to both. Said affidavit implied that checks had been cashed without the signature of the plaintiff, stating that they had been replaced by the defendant corporation or the defendant individually or that he had offered to replace the funds. Further, in the deposition of the defendant Lee he stated that he was indebted personally to the plaintiff for approximately $2,700. A summary judgment shall be granted only if there is no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law. § 56 CPA; *Code Ann.* § 81A-156 (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238); *Nixon v. Brown,* 225 Ga. 811 (171 SE2d 512); *Bloodworth v. Bloodworth,* 225 Ga. 379 (4, 5) (169 SE2d 150); *Connors v. City Council of Augusta,* 120 Ga. App. 499 (1,2) (171 SE2d 578). The motions for summary judgment were properly denied.

*Judgments affirmed, Jordan, P. J., and Quillian, J., concur.*
SUBMITTED SEPTEMBER 14, 1971—DECIDED OCTOBER 8, 1971.

*Scott Walters, Jr.,* for appellants.
*Allen, Smith & Tomlinson, T. M. Allen, Jr.,* for appellee.