## 48863. SOUTHEASTERN PLUMBING SUPPLY COMPANY v. LEE et al.

PANNELL, Presiding Judge.

In this action it appears that a materialman has filed suit to recover for supplies and material sold by him to a plumbing subcontractor. Complainant does not designate any party as plaintiff or any party as defendant *in the caption or in the body of complaint.* (See forms as set forth in Code § 81A-303 et seq. of the new Civil Practice Act.) We are going to assume that Southeastern Plumbing Supply Company is plaintiff and that James W. Lee and Metco Plumbing and Heating, Inc. are defendants.

Plaintiff alleges that James W. Lee, individually and as president of Metco Plumbing and Heating, Inc., committed fraud on plaintiff, in that he wilfully induced plaintiff to sell the materials based on the promise that he would have all checks from contractors and owners made jointly to Southeastern Plumbing Supply Company, plaintiff, and to Metco Plumbing and Heating, Inc., one of the defendants, which promise he did not carry out. But he alleges that there were some checks actually made payable to Southeastern Plumbing Supply Company, plaintiff, and to Metco Plumbing and Heating, Inc., one of the defendants, and as to which James W. Lee "deposited said checks in his account, without accounting to plaintiff for the funds." (No explanation is made as to how Lee secured or made an endorsement of plaintiff's name on the back of said checks, which the banks in the usual course of business would require before allowing the checks to be deposited to the credit of Lee.)

It was alleged that James W. Lee, defendant, committed fraud by converting the materials purchased from plaintiff to his own use; and as to materials that were paid for, he converted the funds to his own use.

James W. Lee, defendant, answered and denied being indebted and denied that he committed fraud; Metco Plumbing & Heating, Inc., answered and admitted a certain part of the indebtedness, but pleaded its incapacity to pay because it had not been paid for the job on which the materials were used. After discovery, summary judgments were denied and this judgment was

affirmed in *Metco Plumbing & Heating v. Southeastern Supply Co.,* 124 Ga. App. 584 (184 SE2d 670).

Trial was held and a verdict was returned in favor of the plaintiff against both defendants as to the account, but the jury answered, "we do not find James W. Lee guilty of fraud." Plaintiff appeals solely on an alleged erroneous charge as to fraud and a failure to charge as to the fraud involved. Appellate procedure questions were raised and the case was transferred to the Supreme Court for answer to certified questions. These were answered in *Southeastern Plumbing Supply Co. v. Lee,* 232 Ga. 626 (208 SE2d 449); and are no longer here involved. *Held:*

The court charged that a false promise to perform acts in the future is not false pretense or false representation, although the other party acts thereon; and the same cannot be made the basis for an action for damages for fraud. This charge is based on such cases as *Edge v. State,* 114 Ga. 113 (39 SE 889), holding a promise relating to the future cannot be a basis for a cheating and swindling prosecution; and *Shafer v. Carson,* 33 Ga. App. 418 (1) (126 SE 735), and *Stephens v. Milikin,* 35 Ga. App. 287 (2) (133 SE 67), which hold a false promise upon the part of the defendant to perform some act in the future is not false representation as to an existing state of facts.

While this charge may not have been erroneous as an abstract principle of law (*Crozier v. Provident Life &c. Ins. Co.,* 53 Ga. App. 572, 574 (186 SE 719)), a material question and issue in this case (at least one of them) was whether the defendant Lee made a false representation as to a future material act to be performed by him, which he, at the time, did not intend to perform in order to induce the plaintiff to enter into the contract to furnish materials for the purpose of defrauding plaintiff. The trial judge failed to charge on this issue although it was called to his attention as an objection to the charge, as discussed above.

In reference to this charge, the record discloses the following objection by appellant's attorney: "I further object to defendant's No. 6, which reads: 'I charge you further, that false promise to perform acts in the future is not false pretense or false representation, although the

other party acts thereon and the same cannot be made the basis for an action for damages for fraud.' *That does not allow the possibility that the parties making the promises never intended to perform them at the time they were made.*" (Emphasis supplied.) This objection unmistakably directed the court's attention and pointed distinctly to the portion of the charge challenged, as required by *Georgia Power Co. v. Maddox,* 113 Ga. App. 642 (1) (149 SE2d 393) as modified by the decision in *A-1 Bonding Service v. Hunter,* 125 Ga. App. 173, 179 (4b) (186 SE2d 566). We agree that the charge given may have been correct as an abstract principle of law, but that was not the objection made to the charge. The trial judge is required, without request, to charge upon the material and controlling issues in the case. *Allmond v. Mount Vernon Bank,* 53 Ga. App. 565 (186 SE 581);*Scott Co. v. Crain,* 55 Ga. App. 514 (190 SE 629); *Jackson v. Matlock,* 87 Ga. App. 593 (74 SE2d 667); *Anderson v. Barron,* 208 Ga. 785 (4) (69 SE2d 874). His failure to do so here requires a reversal.

The appellees rely on language of the general charge as sufficient to cure the error, in the absence of the request, such as: "*Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action.* Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood." (Emphasis supplied.) It is obvious the language refers to a present fact, not a representation as to future conduct, and, therefore, does not cure the error complained of. For these reasons it is our opinion the judgment should be reversed and a new trial granted.

*Judgment reversed. Bell, C. J., Deen, P. J., Quillian, Clark, Stolz, Webb and Marshall, JJ., concur. Evans, J., dissents.*

ARGUED JANUARY 1, 1974 — DECIDED DECEMBER 5, 1974.

*William P. Smith, III*, for appellant.
*Scott Walters, Jr.,* for appellees.

Evans, Judge, dissenting.

In this case the plaintiff obtained a verdict in the lower court, but the jury held there was no fraud involved. Plaintiff appeals to this court and the majority reverses, and holds the trial court erred in failing to charge certain phases of the law as to fraud. I respectfully dissent and set forth my reasons for dissent hereafter.

1. The majority opinion correctly sets forth the posture and the facts in the case.

2. There was no written request to charge as to the third enumeration of error, to wit, that a future promise is not fraudulent, unless such a future promise was a part of a general scheme to make one act as he otherwise would not have acted to his injury; and a promise made with no intention of performance, and for the very purpose of accomplishing a fraud, is a most apt and effective means of accomplishing fraud for which the victim would have a remedy. This charge was given generally in the very ample charge on fraud, particularly in charging that a wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action (see T. 516). Had there been a written request, the court would have been required to charge the principle of law suggested, although since Code Ann. § 70-207 has been amended (Appellate Practice Act, Ga. L. 1965, pp. 18, 31), a general charge on the question would suffice, without following the exact language requested. See *Coral Gables Corp. v. Hamilton,* 168 Ga. 182, 196 (147 SE 494); *Floyd v. Morgan,* 62 Ga. App. 711, 715 (5) (9 SE2d 717); *Adamson v. Maddox,* 111 Ga. App. 533, 535 (142 SE2d 313). But the only objection made after the charge which remotely complies with the standards as to objections is as to the giving of the excerpt complained of in the first enumeration of error, and the majority hold this charge was not erroneous. Counsel then stated that the charge in

that language did not allow for the possibility that the parties making the promises never intended to perform them at the time they were made. To be reviewable, the objection must be unmistakable in directing the court's attention and point distinctly to the portion of the charge challenged. *Georgia Power Co. v. Maddox,* 113 Ga. App. 642 (1) (149 SE2d 393); *A-1 Bonding Service v. Hunter,* 125 Ga. App. 173, 179 (4b) (186 SE2d 566), disapproving a portion of *Georgia Power Co. v. Maddox,* supra. There is no error in this enumeration.

I, therefore, respectfully contend that the lower court committed no error, and that the judgment of the lower court should be affirmed.