### 55317. LEE v. SOUTHEASTERN PLUMBING SUPPLY COMPANY.

DEEN, Presiding Judge.

This case has been pending since at least 1971, when an appeal from the denial of a summary judgment to the appellant was affirmed. *Lee v. Southeastern Plumbing Supply Co.,* 124 Ga. App. 584 (184 SE2d 670) (1971). A verdict in favor of the plaintiff appellee was reversed in 133 Ga. App. 470 (211 SE2d 418) (1974), and see 232 Ga. 626 (208 SE2d 449) (1974). The reversal by this court remanding the case for a new trial is dated December 5, 1974. On May 25, 1977, the case again came on for trial. The defendant made no appearance. The plaintiff offered evidence and obtained a jury verdict for the sum sued for plus interest "because of the fraud of James W. Lee." The appellee moved for a new trial on the general grounds and, at the hearing thereon, offered the testimony of two witnesses. One, an attorney, testified that after the first trial Lee had asked his firm to take on the case because former counsel had withdrawn, that the attorney said he would consider the matter, that the firm declined the representation and he mailed the file, with a letter of explanation, to Lee but this was returned by the post office; that he then kept the file until Lee contacted him, since the latter came by "every two or three weeks"; that Lee did come by, was returned the file, asked the status of the case, and it was discovered that a second trial had been held. It should be noted that present counsel is not of the firm which represented Lee in the first trial or the firm to which the case was subsequently offered, and which continued to refuse the solicitation. The other witness offered at the hearing on the motion for new trial was the foreman of the jury, whose testimony was refused on the ground that a juror is not permitted to impeach his verdict. *Fields v. Jackson,* 102 Ga. App. 117, 123 (115 SE2d 877) (1960).

Appellant had also sought to take post judgment

depositions of witnesses, employees of the appellee, who testified on the trial of the case. In proceeding thus, the appellant was of course attempting to prepare for presentation an accurate transcript of the evidence on that trial, at which neither he nor his client was present. Appellee obtained an ex parte protective order postponing the depositions until the motion for new trial should be ruled on. The order denying a new trial, as well as an interlocutory order denying discovery, are also enumerated as error. *Held:*

The two questions involved here are whether the appellant may have a *right* to a new trial under the circumstances and, if so, whether his presentation is in proper form.

In extraordinary circumstances a motion for new trial may be brought under Code § 70-208, and as to these the trial court must use a sound legal discretion. "Where it appears from the motion for new trial, brought under this section, that the defendant, without fault or lack of diligence on the part of himself or his counsel, has been precluded from trying his case on its merits in such manner that substantial injustice may have been done to him, it is not an abuse of discretion to grant the original motion for new trial." *Robinson v. Modern Coach Corp.,* 91 Ga. App. 440 (3) (85 SE2d 826) (1955).

Almost two and a half years elapsed between the decision of this court remanding the case for trial and the second trial. How long after former counsel withdrew before the witness reviewed the file does not appear, nor at what time that happened except that it was early in 1977. How long a time elapsed between then and the time the plaintiff returned to the law office does not appear. There is thus no showing of diligence on the part of the appellant. Again, whether the failure to redeliver the file was due to the appellant, his counsel, or the post office does not appear. Certainly in the absence of a showing of diligence there was no *right* resting in the defendant to have the case reopened after he had failed to appear on the properly announced trial date. The case at best was one resting with the discretion of the trial judge. *Leiter v. Arnold,* 118 Ga. App. 108 (163 SE2d 235) (1968). It has been held that "[t]he mere fact that counsel and his clients

had no knowledge that the case was on the calendar and set for trial is not in itself sufficient to support the grant of a new trial." *Southern Arizona School for Boys, Inc. v. Morris,* 123 Ga. App. 67 (179 SE2d 548) (1970).

The appellant contends there was *no* evidence that the debt sued on is the result of Lee's fraud, as stated in the verdict, and we may assume that the effort to obtain a proper brief of evidence (a herculean task at this juncture) is for the purpose of establishing this conclusion in such a manner that a reversal on the general ground might ensue. Unfortunately, both this court and the Supreme Court have held that the only way, other than by stenographic transcript or agreement, to reconstruct the evidence is that contained in Code § 6-805 (g), by submission to the trial judge. *Jenkins v. Jenkins,* 231 Ga. 371 (202 SE2d 52) (1973); *Chapman v. Conner,* 138 Ga. App. 518 (226 SE2d 625) (1976). It so happens that the judge denying the motion for new trial was the same judge who presided over the second trial of the case.

If he did not recollect the testimony, no transcript could be obtained. If he did recollect it he undoubtedly applied his knowledge at the hearing on the motion for new trial. In either event, the record shows a failure to obtain a transcript by either agreement or through the recollection of the trial court.

The trial court did not err in any of the rulings complained of.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED FEBRUARY 1, 1978 — DECIDED MARCH 14, 1978 — REHEARING DENIED MARCH 30, 1978.

*Louis F. McDonald,* for appellant.

*William P. Smith, III, Whitfield C. Smith,* for appellee.