## 58617. WALKER v. THE STATE.

CARLEY, Judge.

At her non-jury misdemeanor trial for theft by taking, appellant was represented by appointed counsel because she asserted that she was indigent. The proceedings were not transcribed. An appeal was taken to this court by a second appointed counsel claiming that appellant was denied her right to appeal because no transcript was available. Because of uncertainty as to appellant's status as an indigent, this court, by an unpublished order dated September 26, 1978, remanded the case to the trial court, directing that a hearing be held to determine the issue of indigency and to determine whether, if appellant were indigent, a full verbatim record was necessary to afford appellant her right to appeal. *Walker v. State,* Case No. 56394. After a hearing, the trial court found appellant not to be indigent and that a transcript from recollection (Code Ann. § 6-805 (g)) would suffice. In this appeal, appellant raises the general grounds and enumerates as error the trial court's failure to provide for the recordation and transcription of the entire proceedings at trial. Appellant also contends that the trial court erred in not producing a transcript from recollection immediately after trial and that a transcript from recollection, which appellant contends was produced at the hearing mandated by the prior order of this court, is not, under the circumstances here, sufficient.

1. The enumeration of error complaining of the trial court's failure to provide for recording and transcription of the trial proceedings is without merit. If appellant was not indigent (as the trial court found), she could have had the trial reported at her own expense. Code Ann. § 6-805

(j). Having failed to do so, she must accept the consequences, including the possibility that a record adequate for appeal could not be prepared by one of the alternate methods provided by Code Ann. § 6-805. *Thomas v. State,* 151 Ga. App. 562 (1) (1979).

If, on the other hand, appellant was indigent at the time of her trial, she was entitled to a free transcript for appeal purposes (see *Bailey v. State,* 232 Ga. 873 (209 SE2d 204) (1974)), and could have requested, pursuant to Code Ann. § 6-805 (b), that the trial be reported at the state's expense. She did not do so. The lack of a verbatim transcript being due to appellant's non-action, this court finds no cause for reversal because of the trial court's failure to have the trial reported.

2. In two enumerations of error, appellant complains of the lack of timeliness and sufficiency of a transcript from recollection. We find no merit in either argument for the simple reason that no such transcript appears in the record of this case.

Under Code Ann. § 6-806, the appellant has the responsibility for causing the transcript to be prepared and filed as provided by Code Ann. § 6-805 unless the appellant has designated that the transcript not be included in the record. In this case, appellant *did* designate inclusion of the transcript. When the record was transmitted, no transcript was included and this court returned the record to be completed. When the record was returned to this court, the only transcript included was the one from the hearing on indigency. Although both parties have treated that transcript as a transcript prepared from recollection, we are unable to recognize it as such.

"Where a trial is not reported . . . and a transcript of evidence and proceedings is prepared from recollection, the agreement of the parties thereto or their counsel, entered thereon, shall entitle such transcript to be filed as a part of the record in the same manner and with the same binding effect as a transcript filed by the court reporter as above referred to; in case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review, and if the trial judge is unable to recall what

transpired he shall enter an order stating that fact." Code Ann. § 6-805 (g). Although this court does not require absolute compliance with every procedural nicety of the appellate process, we cannot create a record for the parties. The Code section quoted above obviously contemplates the production of a document intended to be used as a transcript of the original proceeding. It is clear from correspondence in the record that, at one point in time, appellant's counsel was engaged in producing such a document, but did not complete it. Although both parties treat the hearing transcript as a transcript from recollection, appellant's attacks upon the sufficiency thereof belie any purported agreement.

There having been no compliance with the procedure provided in Code Ann. § 6-805 (g), there is no transcript of appellant's trial; there being no transcript, appellant's arguments as to timeliness and sufficiency thereof are moot and provide no reason for reversal.

3. Appellant has contended that the evidence does not support the verdict and judgment. However, that argument requires consideration of the evidence. An appeal with enumerations of error dependent upon consideration of evidence heard by the trial court will, absent a transcript, result in an affirmance. *Curry v. State*, 148 Ga. App. 59 (251 SE2d 86) (1978).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 2, 1979 — DECIDED JANUARY 15, 1980. ·

*Charles M. Lako, Jr.*, for appellant.
*Hinson McAuliffe, Solicitor, Charles R. Hadaway, Assistant Solicitor*, for appellee.