In the Matter of Andrew J. GRUBBS, Debtor.

Raymond O. BALLARD and Walter E. Ballard d/b/a Ballard Brothers Electric Co., Plaintiffs,

v.

Andrew J. GRUBBS, Defendant.

Bankruptcy No. 80–00348.
Adv. Proceeding No. 80–0097.

United States Bankruptcy Court,
M. D. Georgia,
Macon Division.

Oct. 7, 1980.

J. Wayne Crowley, Bush & Crowley, Attys. at Law, Macon, Ga., for plaintiffs.

William M. Flatau, Brown, Katz, Flatau & Hasty, Attys. at Law, Macon, Ga., for defendant.

## MEMORANDUM DECISION ON COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT

### STATEMENT OF THE CASE

HENRY D. EVANS, Bankruptcy Judge.

On March 28, 1980 Andrew J. Grubbs, defendant, filed his voluntary petition in bankruptcy. Within the time necessary, Raymond O. Ballard and Walter E. Ballard d/b/a Ballard Brothers Electric Co., plaintiffs, filed their complaint to determine the dischargeability of a debt owed them by the defendant. The defendant, within the time prescribed by law, filed his answer generally denying the pertinent allegations of the complaint. The matter came on regularly to be heard on the 6th day of October 1980, both parties present and represented by counsel, and after consideration of the evidence before it, the Court makes the following:

### FINDINGS OF FACT

The total sum owed plaintiffs by the defendant is $2,285.70, representing a liability for materials and services provided by the plaintiffs with respect to houses built and sold by the defendant. The houses are known as 6455 Bevin Drive, 3800 Bobby Court and 3804 Bobby Court, all in Macon, Georgia.

Although there was some conflict between the testimony elicited in Court and the pleadings presented by the plaintiffs, it was established that sometime after October 25, 1979 but within ninety days thereafter, Raymond O. Ballard contacted the defendant concerning amounts owed on two of the houses, 6455 Bevin Drive and 3804 Bobby Court. The testimony of Mr. Ballard conflicts with the testimony of the defendant concerning the content of the conversation, but the Court finds that Mr. Ballard indicated his intention to place a materialman's lien on the dockets in order to assure payment of amounts owed to the plaintiffs by the defendant out of any closings that might be forthcoming on the defendant's properties. The defendant, knowing that a lien on the properties would substantially interfere with closings (in particular the upcoming closing on the Bevin Drive property) persuaded the plaintiffs not to enter any liens by promising to pay the amounts due to the plaintiffs from any recovery obtained after the closing of the Bevin Drive property. The Bevin Drive property was closed, the defendant realizing in excess of $6,000.00 on the transfer, but the plaintiffs were not paid amounts due them.

At all times after October 25, 1980, the defendant was insolvent, and his business, due to the economic conditions of the period, was in decline.

## CONCLUSIONS OF LAW

The plaintiffs are proceeding pursuant to Section 523(a)(2) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2). Therefore for the debt to be determined nondischargeable the burden is on the plaintiffs to show that the defendant obtained money, property, services, or an extension, renewal, or refinance of credit by false pretenses, a false representation or actual fraud. The money, property, services or credit must be obtained as a direct result of reliance by the plaintiffs on the false statements of the defendant, and the statements must be knowingly and fraudulently made. Normally, in Georgia, this type fraud may not be based on promises to perform in the future, but when promises to perform future acts are made with the intention of inducing another party to act or forego action and with the present intent never to perform, fraud is sufficiently shown. *Southeastern Plumbing Supply Co. v. Lee*, 133 Ga.App. 470, 211 S.E.2d 418 (1974).

In the case sub judice, the defendant made the statements involved with the intent to prevent trouble in connection with the closing of one of his houses. He was in serious financial trouble and from his own admission was not being pressured as much by the plaintiffs as by some of his other creditors. It is the opinion of the Court that the defendant made the statements that he would pay the plaintiffs from moneys obtained in the Bevin Drive closing, knowing at the time that he would not use the money thus obtained for that purpose. By so acting, the defendant was able to obtain the moneys from the Bevin Drive closing for his own use and to defeat the claims of the plaintiffs. Since valid materialman's liens on the properties would have insured payment to the plaintiffs, they have been damaged thereby in the amounts stated. Hence, the debt owed the plaintiffs admits to Section 523(a)(2)(A) and is not dischargeable in bankruptcy.