## 66524. MACHIZ v. MACHIZ.

SOGNIER, Judge.

Jo Ann Counts Machiz obtained a fi. fa. against her former husband, Richard Machiz, then filed a garnishment action. The trial court sustained Richard Machiz's traverse to the garnishment and Jo Ann Machiz appeals.

No transcript of the trial has been filed in this court.

Appellant contends that since the trial was not reported the trial judge erred in not attempting to reconstruct a transcript from recollection. OCGA § 5-6-41 (g) (Code Ann. § 6-805) provides: "Where a trial is not reported . . . and a transcript of evidence and proceedings is prepared from recollection, the agreement of the parties thereto or their counsel, entered thereon, shall entitle such transcript to be filed as a part of the record in the same manner and with the same binding effect as a transcript filed by the court reporter as referred to [above]. In case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review; and, if the trial judge is unable to recall what transpired, he shall enter an order stating that fact."

"[B]oth this court and the Supreme Court have held that the only way, other than by stenographic transcript or agreement, to reconstruct the evidence is that contained in [OCGA § 5-6-41 (g) (Code Ann. § 6-805)], by submission to the trial judge. [Cits.]" *Lee v. Southeastern Plumbing Supply Co.,* 145 Ga. App. 465, 467 (244 SE2d 33) (1978). Upon submission of a proposed transcript to the trial judge, OCGA § 5-6-41 (g) (Code Ann. § 6-805) requires the trial judge either to rule as to the correctness of the proposed transcript or, if he is unable to remember what transpired, to enter an order stating that fact. Since there was no stenographic transcript or agreed stipulation by the parties as to the evidence adduced on trial, appellant should have prepared a transcript from recollection and submitted it to the trial judge for approval. This procedure was not followed; instead, appellant sought to delegate the entire preparation of the transcript to the trial court. The trial court correctly denied appellant's motion asking the court to reconstruct the transcript as the duty does not lie with the court in this respect. "There having been no compliance with the procedure provided in [OCGA § 5-6-41 (g) (Code Ann. § 6-805)], there is no transcript . . ." *Walker v. State,* 153 Ga. App. 89, 91 (264 SE2d 565) (1980).

Without a transcript of the evidence, we must assume that the evidence authorized the order. *McAllister v. City of Jonesboro,* 242 Ga. 95 (249 SE2d 565) (1978); *Drake v. Drake,* 231 Ga. 193 (200 SE2d 719) (1973); *Fredd v. Randolph,* 144 Ga. App. 756 (242 SE2d 301) (1978). Appellant's contentions that the trial court exceeded its jurisdiction and erroneously shifted the burden of proof are without merit. See generally *Thacker Constr. Co. v. Williams,* 154 Ga. App. 670, 671 (269 SE2d 519) (1980). Therefore, we affirm the trial court's judgment.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

Decided November 29, 1983.

*Michael C. Ford*, for appellant.
*Judith M. Alembik*, for appellee.