69999. UREN v. THE STATE.
(331 SE2d 642)

BEASLEY, Judge.

Defendant Uren appeals his conviction of driving under the influence, for which he received a probated sentence with fine and fees.

[4] Other timing controls when death is caused.
[5] Prior to 1982 this was subsection (E).

*Held:*

1. Defendant asserts that his conviction must be overturned because he was not allowed to consult with his attorney as to jury selection. He claims that he had no "input" into the selection process.

No transcript or narrative of the trial was filed with the appeal. Although the clerk reminded defendant of the omission, apparently neither was prepared. OCGA § 5-6-41 (g) allows a narrative in lieu of a transcript. Therefore, defendant has offered no evidence to show that anyone interfered with his right to consult with his attorney or that if such occurred, that he complained about it to the court. While under the 1983 Constitution of Georgia a person has a right "to prosecute or defend, either in person or by an attorney," he no longer has the right to do both. Cf. *Moody v. State*, 153 Ga. App. 866 (267 SE2d 291) (1980). One person, either counsel or the litigant, must ultimately be in charge. Of course, it cannot be denied that a party has a right to consult with his attorney, but we cannot assume that defendant was deprived of that opportunity here. We cannot pass upon a question requiring a review of the proceedings which is not before us. *Hill v. State*, 119 Ga. App. 612 (168 SE2d 327) (1969). An appeal with enumeration of error dependent upon consideration of evidence heard by the trial court will, absent a transcript, result in an affirmance. *Walker v. State*, 153 Ga. App. 89 (264 SE2d 565) (1980).

2. Defendant asserts that the trial court erred in not admitting defendant's copy of the D.U.I. citation into evidence.

Defendant admits that his attorney never offered this document. The trial court did not err in not admitting into evidence that which had not been offered. Moreover, what defendant wanted to show by it was that the citation did not state the tag or registration numbers of the vehicle he was driving when arrested. This fact, even if true, would be irrelevant to the issue of whether he was driving under the influence. The numbers form no part of the elements of the offense. OCGA § 40-6-391.

Defendant also claims ineffective assistance of counsel due to his attorney's failure to introduce the citation into evidence. A decision by counsel as to such matter is a "judgment and tactical decision," which even when made in error, does not constitute denial of effective assistance of counsel. See *Harris v. State*, 166 Ga. App. 202 (303 SE2d 534) (1983) (photograph).

3. Defendant next contends that his conviction must be overturned because upon the trial judge's questioning of the jury during its deliberations as to the numerical division of the jury vote, the foreman announced "eight guilty, four not guilty."

Defendant concedes that the judge specifically requested the "count only and not the number for or against." He shows no prejudice by the answer given. *Wilson v. State*, 145 Ga. App. 315, 320

(244 SE2d 355) (1978). Therefore, his similar assertion of ineffective assistance of counsel in not objecting to the response is likewise unavailing.

4. Defendant lastly contends that his conviction must be overturned because he was inadequately represented by counsel at trial in that in general, he seemed unconcerned. Counsel's demeanor, as such and without more, would not constitute constitutional ineffectiveness. Ineffective assistance would justify reversing a judgment only if the deficiencies were reasonably likely to have altered the verdict. *Strickland v. Washington*, 52 U.S.L.W. 4565 (May 14, 1984).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 21, 1985.

Jack Arnold Uren, *pro se.*

F. Larry Salmon, District Attorney, T. Russell McClelland III, Assistant District Attorney, for appellee.